## MERRITT *ads.* JACKSON, *ex. dem.* HASBROUCK.

A sheriff's deed
to a person not
a creditor, with
the assent of
a creditor who
has regularly
redeemed land
sold under exe-
cution, is good
and valid. The

THIS was an ejectment for a lot of land, tried at the Ulster circuit in April, 1827. A verdict was found for the plaintiff. A case was made by the defendant for the purpose of moving for a new trial, which was submitted to the court at the last February term, on written briefs, by

defendant in the execution cannot question the regularity of the proceedings, as between creditors, in relation to the redemption, such proceedings as to him being *res inter alios acta.*

NEW-YORK,
May, 1828.

Merritt
*ads.*
Jackson.

*L. Elmendorf,* for the defendant, and

*A. Van Vechten,* for the plaintiff.

The facts are stated in the opinion of the court.

*By the Court,* SAVAGE, Ch. J.   The plaintiff proved that the premises in question were sold by the sheriff of Ulster, upon five judgments and executions against the defendant, and purchased by Dirck C. Wynkoop, on the 15th October, 1825, for the sum of $37.   The sheriff gave the purchaser a certificate of the sale, which was produced.   On the 23d October, 1826, twelve months after the sale, Peter P. Wynkoop paid to the purchaser $40,70, and redeemed, being a judgment creditor of the defendant.   On the 6th January, 1827, a verbal arrangement was made between the lessor, Hasbrouck, and Peter P. Wynkoop, by which the lessor was to have the premises in question, and Wynkoop was to have other property, purchased by the lessor at the same sale.   Upon this arrangement, Wynkoop delivered to the lessor the sheriff's certificate.   No money was paid, nor was the arrangement then completed.   On the 18th January, after the expiration of the fifteen months from the sale, the sheriff executed a deed to the lessor.   Seven or eight days afterwards, Peter P. Wynkoop gave a receipt to the lessor for the amount given by him, P. P. W. for redemption, which was without date.   Another certificate was also produced, signed by P. P. W. stating that on the 6th January, 1827, the lessor, a creditor of the defendant, had redeemed, by paying the money necessary to a redemption, with interest, and that he was entitled to a deed from the sheriff.   On this evidence the defendant contends that the plaintiff showed no title; that the lessor did not redeem regularly, and therefore the sheriff could not convey to any one but the purchaser.   Defendant's counsel cites authorities to show that a creditor, coming to redeem, must bring himself strictly within the terms of the act; and that the interest of the defendant in the execution continues, during the 15 months, for the purposes of liens attaching upon it, to be consummated by redemption; but their application to this case is not perceived.   Here is no

conflict between creditors; they have arranged their affairs to their own satisfaction. The defendant in the executions, who is the defendant here, finds fault with the regularity of their proceedings. As to the regularity of the first redemption, there can be no dispute. P. P. W. was entitled to a deed at the end of the 15 months, and he directs the sheriff, verbally, to convey to the lessor. Eight days afterwards, he gives written directions to the same effect, upon sufficient consideration. It is the same thing to the defendant: the sheriff's deed divests him of all interest, and whether that interest passes to Wynkoop or Hasbrouck, cannot concern him. The regularity of the redemptions are, as to him, *res inter alios acta.* If the certificete should have been transferred in writing, the subsequent certificate has relation back, so as to obviate any objection which the defendant can make on that ground.

Motion for new trial denied.