CHARLES T. WOOD et al., Appellants, *v.* SOMERS MOREHOUSE et al., Respondents.

Executions to sell real estate cannot be issued after the death of the defendant, without an opportunity for heirs and terretenants to be heard; and the judgment must be revived against them.

But when an execution has been actually issued and partially executed, as by the commencement of the publication of notice of sale thereunder, the subsequent death of the debtor does not affect the process or prevent its complete execution by sale of the property.

Statement of case.

In the absence of proof to the contrary, it will ordinarily be presumed in favor of a sale under execution, that the sheriff has duly posted the proper notices of sale, in accordance with the maxim, *omnia præsumuntur rite acta.*

The publication of a sheriff's notice of sale of real estate under execution is sufficient, if inserted once in each week for the six weeks before the sale, although six full weeks should not have elapsed between the date of the first publication and the day of sale.

The statute (2 R. S., 269, § 40), providing that the omission of the sheriff to give the notice of sale required should not affect the validity of the sale made to a purchaser in good faith without notice of the omission, applies to a sale to the judgment creditor, although he pays no money, and the amount of his bid is merely credited upon the execution.

Where a junior judgment creditor applies to redeem to the assignee of the sheriff's certificate of sale, the acceptance of the money and transfer of the certificate by the assignee is a waiver of the production by the junior creditor of evidence of his right to redeem ; and as the requirement of such production is for the benefit of the holder of the certificate, his waiver renders such production unnecessary to the validity of the sheriff's deed given to the creditor so redeeming.

A sheriff may waive the recording of the assignment of certificate of sale, and give a deed to the assignee, without requiring it.

(Argued April 6th, and decided April 18th, 1871.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth district, affirming a judgment dismissing the complaint on a trial before the court without a jury.

The plaintiffs, children and heirs-at-law of Theodore Wood, who died in October, 1838, bring this action to redeem certain premises, of which their ancestor died seized, from a mortgage which had been given by the grantor of the ancestor prior to the conveyance to him. The mortgage was a purchase-money mortgage, given by one Cowing to Daniel Kellogg, in October, 1835. In 1837 Cowing conveyed to Wood, subject to the mortgage. The premises descended to the plaintiffs upon the death of their father, and in 1841 the executors of the mortgagee brought their action in the Court of Chancery to foreclose the mortgage. The plaintiffs were then infants, were not made parties to that action, and in 1843 the premises were sold by a master, under the decree in that action, and pur-

chased by the complainants therein, and the premises are now occupied by purchasers and grantees in good faith, under the title thus acquired.   In January, 1838, one Pratt had recovered a judgment in the Supreme Court against Wood, which was a lien on the premises, and an execution was issued to the sheriff, returnable in October, 1848.   Under that execution the premises had been advertised for sale prior to the death of Wood.   The notice was dated on the 26th of September, and first published in a weekly newspaper issued as of that date, and was for the first day of November.   It was published once in each week for six weeks before the sale.   The evidence did not show the posting of the notice of sale, and the judge found that there was not six full weeks between the date of the notice, as published, and the day named for the sale, and, as a matter of fact, that such notices were not posted in three public places six weeks before the day of sale mentioned therein, but that the same were posted for more than five weeks before that day.   At the sale, the premises were bid off by the plaintiff in the execution, and a certificate of sale given him, in which was inserted a copy of the printed notice of sale, with a reference to it for a description of the premises sold, and a duplicate certificate was filed in the office of the county clerk.   No money was paid at the sale, but the sale and the amount at which the premises were sold were indorsed by the sheriff on the execution, which has never been returned.

The judge finds that neither the purchaser at the sale, nor any of the persons who became assignees of the certificate, had any knowledge or actual notice that the notice of sale had not been regularly posted for the full time required by law. This certificate of sale was assigned by the purchaser to one Phillips, and by him to one Johnson, and by the latter to Henry Davis, Jr., before the giving of the deed by the sheriff. In May, 1838, one White recovered a judgment against Wood in the Supreme Court, which was also a lien on the premises, which judgment was assigned to Davis during the same year. Before the expiration of fifteen months from the day of sale under the execution, and while Johnson was the owner of the

certificate of sale, Davis presented to him the proper evidence of his right as a judgment creditor to acquire the title of the purchaser under the sheriff's sale, and paid to him the amount required to be paid for that purpose, which was accepted by Johnson, who thereupon assigned the certificate to Davis. The sheriff, after the expiration of the time allowed creditors to redeem, executed a deed of the premises to Davis, the deed reciting that Davis acquired the right to the deed by a redemption from Johnson. This deed was delivered before the commencement of the foreclosure proceedings, but was not recorded. The court, at Special Term, gave judgment for the defendants, dismissing the complaint, which was affirmed at the General Term, and the plaintiffs have appealed to this court.

*W. Porter*, for the appellant. Heirs-at-law, not made parties to a purchase, are not affected thereby. (10 John., 356; 20 N. Y., 412.) The sheriff's sale was void, the notices not being posted for the required length of time. (2 R. S., 368, § 34; *Olcott* v. *Robinson*, 20 Barb., 148; S. C., 21 N. Y., 150; Sugden on Powers, 212, § 3.) Where the only consideration is the part payment of a precedent debt owing to the purchaser, he is not a purchaser in good faith. (*Coddington* v. *Bay*, 20 John., 637; *Lawrence* v. *Clark*, 36 N. Y., 128; *Wood* v. *Robinson*, 22 N. Y., 564; *Dickerson* v. *Tillinghast*, 4 Paige, 215; *Stalker* v. *McDonald*, 6 Hill, 93; *Van Heusen* v. *Radcliffe*, 17 N. Y., 583; *Spear* v. *Myers*, 6 Barb., 445; *Mickles* v. *Colvin*, 4 Barb., 304; *Scott* v. *Howard*, 3 Barb., 319, 321; 10 Barb., 97, 107.) Pratt, and the subsequent assignees of the certificates had sufficient notice of the sale. (*Acer* v. *Wolcott*, 1 Lans., 193.) An execution constitutes a mere naked power to sell. (*Catlin* v. *Jackson*, 8 John., 548; *Wood* v. *Colvin*, 5 Hill, 228; *Steynett* v. *Brooks*, 10 Wend., 212.) A strict compliance with the requirements of the statute, is necessary to give validity to a sheriff's deed to a redeeming creditor. (*Ex parte Bank of Monroe*, 7 Hill, 177; *People* v. *Sheriff of Broome*, 19 Wend., 89; *Gilchrist*

v. *Camfort*, 31 N. Y., 235 ; *People* v. *Ransom*, 2 Comst., 493 ; *Waller* v. *Harris*, 20 Wend., 555 ; *Hardman* v. *Bowen*, 39 N. Y., 196 ; *Juliand* v. *Rathbone*, 39 N. Y., 369 ; *Torrey* v. *Milsbury*, 21 Pick., 64.) As to the effect of the master's deed, see *Smith* v. *Gardner* (42 Barb., 356) ; *Butler* v. *Viele* (44 Barb., 166) ; *Lawrence* v. *Delano* (3 Sandf., 333) ; *Brainard* v. *Cooper* (10 N. Y., 358, 359). The presumption that an officer has done his duty obtains only as against the public, and not against an individual, where title is sought to be subverted. (*Bonner* v. *Eastman*, 50 Barb., 639 ; *Stryker* v. *Kelly*, 2 Denio, 323 ; *Adams* v. *S. & W. R. R. Co.*, 10 N. Y., 330.)

*D. Pratt*, for the respondent. It is not necessary that the first insertion of an advertisement be full six weeks before the sale. (*Olcott* v. *Robinson*, 21 N. Y., 151 ; *Sheldon* v. *Wright*, 7 Barb., 39 ; S. C. 1 Seld., 497 ; *Bachelor* v. *Bachelor*, 1 Mass., 255 ; 2 R. S., 369.) The plaintiff in an execution, who bids in the property is deemed a *bona fide* purchaser, within the meaning of the statute. (*Wood* v. *Chapin*, 3 Kern., 509, 519, 270 ; *Cunningham* v. *Cassidy*, 17 N. Y., 276 ; *Mohawk Bank* v. *Atwater*, 2 Paige, 54 ; *Jackson* v. *Nelson*, 18 John., 355 ; *Wilson* v. *Neilson*, 5 Barb., 565.) As to the term, good faith, see 2 R. S., 359, § 4, and 369, § 40 ; *Tufts* v. *Tufts* (18 Wend., 621) ; *Petit* v. *Shepherd* (5 Paige, 493) ; *Scott* v. *Harward* (3 Barb., 319.) A *bona fide* purchaser without notice, from one who purchased with notice, is protected. (*Varick* v. *Briggs*, 6 Paige, 323 ; *Jackson* v. *Elstan*, 12 John., 452 ; *Wood* v. *Chapin*, 3 Kern., 507.) The same is true as to fraud. (*Bumstead* v. *Platner*, 1 John. Ch., 213 ; *Jackson* v. *Walsh*, 14 John., 407 ; *Jackson* v. *Henry*, 10 John., 185 ; *Froger* v. *Peck*, 1 Barb. Ch., 220.) The recitals in the deed are presumptive evidence of their truth. (*Wood* v. *Chapin*, 3 Kern., 509 ; *Hartwell* v. *Root*, 19 John., 345 ; 1 J. J. Marshall, 447 ; 3 Gill. & J., 1 McCord, 212 ; 10 Mass., 105 ; Caine's Cas. in Error, 18 ; Cowen & Hill's notes, 297, 362.) The failure to duly file the assign-

ments, does not affect the validity of the sheriff's deed. *Chautauqua County Bank* v. *Risely*, 4 Denio, 489 ; *People* v. *Ransom*, 4 Denio, 145 ; *Bank of Vergennes* v. *Warren*, 7 Hill, 94 *supra.*) At common-law, an execution issued after the death of the defendant was valid if tested before his death. *Center* v. *Billinghurst*, 1 Cow., 33 ; 1 Ld. Raymond, 695 ; 3 P. Williams, 399 ; Tidd's Practice, 587 ; *Nichols* v. *Chapman*, 9 Wend., 452 ; *Day* v. *Rice*, 19 Wend., 644 ; *Clere* v. *Veer*, Cro. Car.; *Waghome* v. *Langmead*, 1 B. & P., 571 ; *Watson* v. *Markell*, 4 Moore & S., 461 ; S. C. 2 Dowl. Pra. R., 810.) An execution issued before, can be properly executed after defendant's death. (*Den* v. *Hillman*, 2 Halsted, 180 ; 1 Cow., 33 *supra*; Gra. Pr., 351, 807 ; 3 Bacon's Abr. Ex. G., 2 ; 8 Bac. Abr. sci., fa. C., 4.)

ALLEN, J.  If the sheriff's sale and the conveyance to Davis in pursuance of such sale were effectual to divest the plaintiffs of their estate and interest in the mortgaged premises, the complaint was properly dismissed, as the equity of redemption had, before the foreclosure, become vested in another.  The execution upon the judgment had issued, and the premises had been advertised for sale by the sheriff, during the life of the judgment debtor, but the sale was made and the proceedings completed after his death.  Process having been issued for the collection of the judgment by the sale of the real property of the judgment debtor, and its execution commenced by an advertisement of the mortgaged premises for sale, in pursuance of the statute, the execution of the process was not arrested by the death of the judgment debtor.  The sheriff could lawfully complete the execution of the process thus commenced.  At common-law, an execution against the goods and chattels of a judgment debtor was regular, if tested in the lifetime of the debtor, although actually issued after his death. (*Center* v. *Billinghurst*, 1 Cow., 33 ; *Robinson* v. *Tonge*, 3 P. Wms., 398 ; *Nichols* v. *Chapman*, 9 Wend., 452 ; *Day* v. *Rice*, 19 id., 644.)  But an execution cannot be issued after the death of the defendant, which will authorize the sale

of the real estate which may be bound by the judgment. An execution cannot be sued out against heirs or terretenants without giving them an opportunity to be heard. (*Stymets* v. *Brooks*, 10 Wend., 206.) The judgment must be revived against them. The rule is, that when a new person, who was not a party to a judgment, derives a benefit by, or becomes chargeable to, the execution, there must be a *scire facias* to make him a party to the judgment before execution can issue. (2 Saund., 6, note.) But if either plaintiff' or defendant dies, or any other change of interest occurs, after execution issued and partially executed, the rule does not apply. The execution creditor cannot be deprived of the benefit of his execution by the death of the debtor before an actual sale of property or the completion of its service. The lien of the judgment dates from the time of entry and docket, and the execution is the means by which the fruits are secured to the plaintiff. The execution, being regular and authorizing the sale of the property, is not vitiated or defeated by a change of interest or of parties after its issue.

There is no process known to the law by which a party can have judgment for completing the service of an execution against heirs or terretenants, which has been regularly commenced against the original debtor. A *scire facias quare executionem non* issues against representatives or heirs or terretenants, as occasion requires, when no execution has been issued which can be enforced, and to give the party entitled the benefit of that process and the fruit of his judgment. (2 R. S., 576.) By *scire facias*, the person to whom it is addressed has an opportunity to show cause why an execution shall not issue against him or his property, and not to show cause why an execution regularly issued and partially executed should not be fully executed. If there be judgment against A, and thereupon a *fi. fa.* be sued out, but before execution A dies intestate, there needs no *sci. fa.* to revive the judgment, but execution of the goods may be made in the hands of the administrator; for, as the party himself could not have made any defence to the writ of execution, there is no reason

that his representatives should be in a better condition. (*Farrer* v. *Brooks*, 1 Mod., 188.) The same principle applies to executions against real property, the only difference being that, at common-law, in the one case by a fiction, the issuing takes effect by relation, as of the day of the *teste* of the writ, and in the other, it has effect from its actual issue. In *Den* v. *Hillman* (2 Halst., 180), the execution had been sent to the clerk to be sealed, in sufficient time for him to have sealed it before the death of the defendant in the judgment; but, whether the seal was affixed before the death, was left in doubt. The execution was issued, and real estate sold under it, and the court below held the sale valid, and that the title of the heirs was divested. By implication, the statute permits the completion of the execution of a judgment issued during the life of the defendant, after his death. It provides that, if a party dies after judgment, but *before execution issued*, no execution shall issue on such judgment until the expiration of one year after the death. (2 R. S., 368, § 27.) It does not arrest the proceedings upon an execution already issued, but prohibits its issue for a limited period, and its operation is restricted to cases where the party dies before execution issued. The sheriff had authority to complete the service of the execution by the sale of the property, notwithstanding the death of Wood, the defendant debtor. The regularity of the sale was not affected by the fact that the notice of sale was not published for six full weeks, that is, that six full weeks did not intervene between the day of the first publication of the notice and the day fixed for the sale. The statute was complied with by a publication once in each week for six weeks before the sale. (2 R. S., 368, § 34; *Olcott* v. *Robinson*, 21 N. Y., 151.)

The learned judge, by whom the case was tried at Special Term, has found as a fact that the notice of sale was not posted for the full time of six weeks prior to the day of sale, as required by law. (2 R. S., *supra*.) I am of the opinion that the finding was without evidence and against evidence. The omission to post the notice was an affirmative fact, to be proved by the plaintiffs. The statute imposes the duty of affixing the

notices upon the officer making the sale, and subjects him to a penalty of $1,000 for selling real estate without the previous notices prescribed by the act. (2 R. S., 269, § 37.) Neglect of duty by a public officer will not be presumed, but must be proved (Per cur., *Den* v. *Hillman, supra*); and, in support of his acts, the familiar maxim, *omnia, præsumuntur rite esse acta*, stands for evidence of the fact, in the absence of any other evidence. When a person is required to do an act, the not doing of which would make him guilty of a criminal neglect of duty, it shall be intended that he has duly performed it, unless the contrary be shown. *Stabit præsumptio donec probetur in contrarium.* (Broom's Max., 429 ; *Jackson* v. *Shaffer,* 11 Johns., 513 ; per DENIO, J.; *Wood* v. *Chapin,* 3 Kern., 509–516.) But, assuming the fact as found, it is neutralized by the additional fact, which is also found, that neither Pratt, the purchaser at the sale, nor the subsequent assignees of the certificate or the grantee of the sheriff, "had any knowledge or actual notice that the said notice of sale had not been regularly posted for fully the time required by law," and that they were each purchasers for a valuable consideration in good faith. It is declared by statute that the omission of any sheriff or other officer to give the notice of sale required by law shall not affect the validity of any sale made to a purchaser in good faith without notice of any such omission. (2 R. S., 269, § 40.)

In *Wood* v. *Chapin* (3 Kern., 509) it was held that a creditor, purchasing land at a sale by virtue of judicial proceedings instituted to collect his debt, is a purchaser for a valuable consideration within the recording act, although the entire purchase-price, except so much as is required to satisfy the expenses of the proceedings, is applied in payment of the debt. The recording acts only protect purchasers in good faith, and for a valuable consideration, against non-recorded conveyances. (1 R. S., 756.) In addition to *bona fides* on the part of the grantee, the statute, in express terms, makes a valuable consideration indispensable. The omission of this, in the statute protecting purchasers against a defective notice of sale by sheriffs, is some evidence that there may be a purchaser in good

faith, who has not parted with value ; and there may be a rea-
son for this in a desire to make effectual all sales by an officer
under judicial process.   Under the statute, which declares
that a judgment shall cease to be a lien upon lands after ten
years, as against "purchasers in good faith" (2 R. S., 359, § 4),
all are purchasers in good faith, and within the benefit of the
statute, except those who purchase with an actual fraudulent
intent.   (*Tufts* v. *Tufts*, 18 Wend., 621 ; *Little* v. *Harvey*,
9 id., 157 ; *Pitts* v. *Shephard*, 5 Paige, 493.)   The statute
under consideration requires, in addition to good faith, that
the purchaser should have become such without notice of
the irregularity or defect in the proceedings; but it does
not require that he should be a purchaser for value, that is,
that he should have parted with value, or, in other words,
that, in addition to the other qualifications, he should be a
purchaser for a valuable consideration, to bring him within its
protection.   *Wood* v. *Robertson* (22 N. Y., 564) arose under
the statute regulating uses and trusts, protecting purchasers
"for a valuable consideration" against resulting trusts.   In
*Dickerman* v. *Tillinghast* (4 Paige, 215), the question con-
sidered was, as to what constituted a "purchaser in good faith
and for a valuable consideration," under the recording acts.
Neither of these cases furnish a rule for the construction of
the statute before us.   The question presented upon this
appeal is one of legal right, dependent upon the construction
of a statute, and is not within or governed by the rules of
equity which protect legal titles and the rights of the true
owner against claims not founded upon a valuable considera-
tion.   The certificate was but the evidence of the purchase,
and was delivered to the purchaser after the sale; but, if its
delivery was cotemporaneous with the sale, the printed notice
incorporated in it, bearing date less than forty-two days before
the day fixed for the sale, was not notice that the advertise-
ment had or had not been posted the time required by law.
The sale was a valid sale to Pratt.

   That Davis, as the assignee of the White judgment, had a
right to acquire the title of the purchaser at the sheriff's sale,

by complying with the statute, is not denied. The statute authorizes the payment of the sums to be paid by creditors having the right to acquire the title of the purchaser, to be made to the purchaser, his representatives or assigns, or to the officer who made the sale. (2 R. S., 373, § 59.) The money, in this instance, was paid to and accepted by Johnson, the assignee of the certificate; and, whether any evidence of the right of Davis to purchase was presented to or left with him or with the officer, is not material. The production of evidence of a right to redeem is for the benefit of the purchaser or other person holding the certificate of sale, and he may waive it or accept evidence far short of that prescribed by statute; and an acceptance of the money and an assignment of the certificate is incontrovertible evidence of such waiver. No person can object to the regularity of the proceeding to acquire the title except him who has the certificate, and, but for the proceeding, would be entitled to receive the deed. (*Merritt* v. *Hasbrouck*, 1 Wend., 46; *Bank of Vergennes* v. *Warren*, 7 Hill, 91.) But there can be no doubt that the evidence of the right to purchase not only may, but should, be presented to and left with the person to whom the money is paid, and that a tender of the evidence to the assignee of the certificate, with the money required to be paid, would be a compliance with the statute. That, for the sake of brevity, and to avoid repetition, representatives and assignees are not mentioned in the section prescribing the nature of the evidence to be furnished of the right to redeem, proves nothing. The acquisition of the title of the purchaser by a creditor is a single act, including the production of the evidence of right and the payment of the money; a single transaction with the same person, either the holder and owner of the certificate or the officer making the sale. Certificates of sale of real property by sheriffs, on execution, were assignable, like every other chose in action or property interest, prior to the passage of the act of 1835. That act (ch. 189) requires all assignments to be proved or acknowledged and filed with the county clerk to entitle the assignee to a deed from the sheriff, and

exempts from the operation of the act all assignments of certificates theretofore made. This act was for the protection of the sheriff; and a compliance with it may be waived by him. A deed to the person entitled, either as assignee or as having acquired the right of an assignee as a creditor under the statute, is valid, although the assignments have not been proved, acknowledged or filed. (*Bank of Vergennes* v. *Warren, supra ; Chautauqua County Bank* v. *Risley,* 4 Denio, 480.) The objections to the title of Davis under the sheriff's deed are not tenable ; and by that sale and conveyance the title of the plaintiffs was divested, and they were not, at the time of the foreclosure, the owners of the equity of redemption in the mortgaged premises. Davis, the rightful owner, has yielded to the title of the purchaser at the foreclosure sale, and, whether he could at any time have questioned it, is not material. It would seem that he could not ; but, be that as it may, the plaintiffs claim adversely to him, and not under his title.

The complaint was rightly dismissed, and the judgment should be affirmed.

All concurring except ANDREWS, J., who did not sit, and RAPALLO, J., not voting.

Judgment affirmed.