By the Court.—Monell, Ch. J.
Oliver Johnston is the common source of title of each of the parties to this action. The plaintiff claims as his heir-at-law, and the defendant under a judgment recovered against Johnston in his life-time.
The judgment absolutely abated by the death of Johnston, and could not be enforced against his property without the institution of certain proceedings provided by law.
Until the adoption of the code of procedure, a resort was had to the writ of scire facias, to summon the representatives or heirs of the deceased debtor, to show cause why the judgment should not be executed. The same proceeding, and for the same purpose, is now in the form of a summons prescribed by the Code.
The proceeding is substantially the same under either form. The representatives or heirs are to be summoned, and the party summoned may answer, denying the judgment, or setting up any defense which may have arisen subsequent to the judgment (Code, § 379 ; 2 BurrilV s Pr. 167). Upon default of the persons summoned to appear and answer, or upon the determination of the issue made by their answer, a formal judgment that the plaintiff have execution, is entered ; and the execution is issued upon that judgment (2 Burrill's Pr. 171; 3 Id. 114), commanding the amount to be made of the real estate of the deceased debtor (2 R. 8. 367, § 25).
No proceeding of this nature was instituted to revive the judgment against the heirs of Johnston, and, it is now claimed, none was necessary, inasmuch as the act *549 of 1850 (Sess. Laws, 1850, Oh. 295, § 1), which provides a different and more summary mode, must be regarded as in effect repealing the proceeding required by the •Code.
The act referred to is as follows: Section 1. Notwithstanding the death of a party after judgment, execution thereon against any property, lands, tenements, real estate, or chattels real, upon which such judgment shall be a lien, either at law or in equity, maybe issued and executed in the same manner, and with the same effect, as if he were still living, except that such execution cannot be issued within a year after the death of the defendant, nor in any case, unless upon permission ■granted by the surrogate of the county who has jurisdiction to grant administration, or letters testamentary, on the estate of the deceased judgment debtor, which surrogate may, on sufficient cause shown, make an ■order granting permission to issue such execution as •afoiesaid.”
It is enough to say of this statute, that the decisions are uniform, that it does not repeal, nor in any manner affect, the provision of the Code, except that it reduces the period after the death of the debtor to one year (Alden v. Clark, 11 How. Pr. 209 ; Frink v. Morrison 13 Abb. 80; Wood v. Morehouse, 45 N. Y. 368; Marine Bank v. Van Brunt, 49 Id. 160). In the last cited •case, the court say the act is merely cumulative, and adds another restraint to those already existing, but that an execution can not issue without the order and permission of both tribunals. Under these decisions, the issuance of the execution upon the abated judgment was irregular and voidable. And this brings us to the question of real difficulty in the case.
It is claimed that the omission to summon the heirs and the issuing of the execution without a revival of the judgment, was a mere irregularity, and does not affect the title of the purchaser under the sheriff s sale.
*550 In none of the cases cited, except one, did the question arise otherwise than upon a motion for leave to-issue, or to set aside the execution already issued. And in deciding those cases it was not necessary to go farther than to hold that an execution could not be issued in such cases without a resort to the substituted proceeding for scire facias.
But in Wood v. Morehouse (supra) the action was by the heirs-at-law to redeem the property from a mortgage which had been a lien upon it before it descended to them, and which had been foreclosed without giving them notice. The defendants claimed in opposition to the heirs, under a judgment against their ancestor. Before his death an execution had been issued upon-, the judgment, under which the sheriff had advertised the saie ; but before the time required had expired, the-judgment debtor died. Nevertheless, the sheriff proceeded with the sale, and gave a deed to the purchaser,, under whom the defendants held. The court say: “ Process having been issued for the collection of the judgment by the sale of the real property of the judgment debtor, and its execution commenced, by an advertisement of the mortgaged premises for sale, in pursuance of the statute, the execution of the process-was not arrested by the death of the judgment debtor. But an execution cannot be issued after his death which, will authorize the sale of the real estate which may be-bound by the judgment. An execution cannot be sued out against heirs or terre tenants, without giving them an opportunity to be heard. The judgment must be-revived against them. The rule is, that when a, new person, who was not a party to a judgment, desires a benefit by, or becomes chargeable to, the execution, there must be a scire facias to make him a party to the judgment, before execution can issue.”
In that case the purchasers at the sale had purchased for a valuable consideration, in good faith, and without- *551 notice, or knowledge that the notice of sale had not been posted the time required by law. But the decision is not put upon the ground that the character of the purchase afforded a protection, except perhaps so far as he might claim protection under the presumption that an officer required to do an act had done it; but upon the ground that the execution of the process had already commenced before the judgment debtor’s death,, and, therefore, no revival of the judgment was necessary. But the language of the learned court is clear, that to authorize a sale the judgment must be revived, if the death occurs before execution issued.
The validity of a title derived under a sheriff’s sale depends upon the validity of the judgment, and of the execution upon it, and one claiming title under such a sale must show the judgment, and that it is regular (Townshend v. Wesson, 4 Duer, 342). Without a valid judgment an execution would not authorize a sale, and. the proceeding would be void (Ibid).
We have seen that a proceeding to revive a judgment against the heirs of a deceased debtor, requires a new judgment to be entered, upon which, and as it seems upon which alone, an execution can issue.
If, therefore, a party defending his title under a purchase at a sheriff’s sale must show a valid judgment (Townshend v. Wesson, supra) to sustain the execution in an ordinary case, must he not also show, when he claims under a judgment which has abated by the death of the debtor, that the new judgment required by law has been obtained ?
To sustain the sale in this case would open it to the constitutional objection, that no person shall be-deprived of property without due process of law. The heirs of Johnston inherited his property. They took an absolute title in fee simple, cum onere of course, and of such title they could not be divested, except through the forms and by the proceedings prescribed by law- *552 In those proceedings they had the right to be heard. They conld make a variety of defenses. They could show the judgment had been paid ; that it should be satisfied out of the personalty, if there was sufficient (2 R. S. 87, § 27); or that other real property upon which the judgment was a lien should contribute or be subjected to it. And it was in view of these various defenses that, as is said in Marine Bank v. Van Brunt (ubi supra), the act of 1850 was passed so that th'e surrogate could properly adjust the equities, which a court of law is unable to do.
Even, therefore, if it could be held that the act of 1850 provided the only proceeding required to revive a judgment, the constitutional objection I have stated, would, in my judgment, render the act void. It authorizes an ex parte proceeding to deprive a person of his property. It requires no notice to be given, nor affords any opportunity to the person, who is to be despoiled of his property, to be heard.
The inevitable deduction from all this is, that the omission to revive the judgment in the manner provided by law, rendered the execution and the sale under it, not irregular and voidable merely, but absolutely void.
And there is authority for the deduction.
In Woodcock v. Bennett (1 Cow. 711), the validity -of such a sale was directly involved, and the court held, that without a scire facias to revive the judgment against the heirs, the execution was void. Justice Woodworth says (p. 740): “To sanction such a proceeding, would be an invasion of one of the great principles upon which our security depends under a government of laws ; that no person shall be put out of his freehold, or lose his goods or chattels, unless he be -duly brought to answer, or be forejudged of the same by due course of law.”
In Stymets v. Brooks (10 Wend. 207) Nelson, J., says (p. 214): “On the death of the defendant, the *553 real estate descends to Ms heirs, and to allow execution to be afterwards issued and the lands sold, would he affecting the rights of new parties, without an opportunity to be heard.”
And in Campbell v. Rawdon (19 Barb. 494), approved by the Court of Appeals (18 N. Y. R,. 421), one of the heirs had not been served with the scire facias, and the court held, that under the statute (2 Rev. Stat. 577, § 5) as well as by the authority of decisions, his title and interest was not affected or divested. The Court of Appeals sáy: “We think the legislature, in passing this statute, intended that execution should not be had upon the lands of a deceased judgment debtor, without a scire facias, to which all persons having an interest and intended to be affected thereby, must be made parties by service of the writ upon them.”
The distinction which the respondent’s counsel claim was legitimate, from the fact that an execution had been issued upon the judgment before the death of the •debtor, and returned unsatisfied, is not allowed by any of the cases I have referred to. The right to issue a second execution without leave of the court applies only to cases where no revival of the judgment is necessary.
Section 284 of the code does not supersede or defeat section 376.
The view we have taken of the act of 1850, and of the insufficiency of the surrogate’s order under it, to validate the sale, and as a consequence invalidate the -plaintiff’s title, renders the question whether the plaintiff had notice of the proceeding before the surrogate immaterial. If, however, there was notice, it was with the defendant to show it, and the referee has found that there was no proof of any such notice.
The remaining objection that the suit is not brought in the name of the proper plaintiff, requires no exami *554 nation, as the referee has decided otherwise and the-defendant has not excepted.
Upon the whole case we are brought to the conclusion that the decision of the referee was erroneous.
We are aware that the defendant has acted in good • faith, and has paid a valuable consideration for the land, in the belief that the title was good. To Mm it is a great hardship and loss, but that can not be measured against the vindication of the law and the rights of other parties, who stand equally innocent.
The judgment must be reversed, and a new trial had, with costs to the appellant to abide the event». Order of reference also vacated.
Sedgwick and Speie, JJ., concurred.