THE CITY OF ALBANY, Plaintiff, *v.* HERMAN GOODMAN, Defendant.

Third Department, November 24, 1922.

**Municipal corporations — sale of city real property — sale made less than twenty-one days after first publication of notice invalid — Second Class Cities Law, § 37, construed.**

A sale of real property belonging to a second class city is invalid and the purchaser will not be required to complete the purchase where the sale is made at public auction less than twenty-one days after the first publication of notice of sale, since section 37 of the Second Class Cities Law expressly provides that a sale of real property by a second class city shall not be valid or take effect unless it is made at public auction " after public notice to be published once each week for three weeks in the official paper or papers."

HINMAN and HASBROUCK, JJ., dissent.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Gilbert V. Schenck,* for the plaintiff.

*E. W. & E. E. Rankin* [*Muhlfelder & Illch* of counsel], for the defendant.

VAN KIRK, J.:

" The City Building Property " belonging to the city of Albany was sold at public auction August 21, 1922, to the defendant. All the requirements of the statute (Second Class Cities Law, § 37), save one questioned, have been complied with and the parties are ready and willing to complete the contract, except that defendant refuses because he questions the validity of the sale, in that it occurred eighteen days after the first publication of the notice rather than twenty-one days thereafter.

The proceedings are regulated by this statute, the terms of which must be strictly complied with. It provides that a sale of real property by a second-class city " shall not be valid or take effect " unless the sale be made at public auction " after public notice to be published once each week for three weeks in the official paper or papers."

The purpose of such publication is to give notice to all who might become purchasers, to the end that the full fair value of the property may be realized to the city. The intent of the statute was to require a given period for publication rather than to require three separate publications of the notice. If a publication once in each of three successive weeks be sufficient, a sale could be held in one and a half weeks approximately; the publication on Saturday of the first week, on any day of the second week and on Monday of the third week, and a sale the next day, Tuesday, would be valid, though eleven days only had intervened between the first publication and the sale. We believe the intent of this statute is that there must be three weeks during which public notice of the sale is given prior to the sale; that the sale is not valid unless the first publication is had twenty-one days before the sale. Otherwise there is not a publication for three weeks. A week is seven days. (*Market National Bank* v. *Pacific National Bank,* 89 N. Y. 398; *Matter of Wright,* 224 id. 293; *Palmer* v. *Hickory Grove Cemetery,* 84 App. Div. 600, 604.)

There have been a number of decisions in this State in respect to section 1434 of the Code of Civil Procedure,* governing sales of real property by virtue of an execution, which requires " public notice " by (1) posting the notice for forty-two days, and (2) publishing in a newspaper " at least once in each of the six weeks," in which decisions it is held that forty-two days need not intervene between the first publication in the newspaper and the sale. Those decisions follow *Wood* v. *Morehouse* (45 N. Y. 368), which cited with approval and followed *Olcott* v. *Robinson* (21 id. 150), which construed the old statute (2 R. S. 368, § 34) regulating a sale of real property under execution, and held that six full weeks need not intervene between the first day of publication and the sale. That old statute, so far as material, reads as follows: " The time and place of holding any sale of real estate pursuant to any execution, shall be publicly advertised, previously, for six weeks successively, as follows: 1. A written or printed notice thereof shall be fastened up in three public places in the town where such real estate shall be sold * * *; 2. A copy of such notice shall be printed once in each week in a newspaper of such county, if there be one." The controlling requirement there is that the sale shall be " publicly advertised " previously for six weeks, and the remainder of the section declares what shall constitute such public advertisement. Section 1434 of the Code is very similar. The printed notice was to be posted for forty-two days; the pub-

* Now Civ. Prac. Act, § 712.— [REP.

lished notice was to be printed but once each week. In each case the sale is publicly advertised for the full six weeks specified in the statute and the publication in a newspaper is but part of that public advertising. Under the statute in the instant case the publishing in the newspaper is the sole public notice. We do not think the decision in *Wood* v. *Morehouse* is an authority for holding that a requirement that a notice of sale of real property shall be published "for three weeks" is satisfied by publishing the notice once in each of three successive weeks. *Market National Bank* v. *Pacific National Bank* (*supra*) construed section 440 of the Code of Civil Procedure* with reference to the service of a summons by publication, which required the publication in two papers "for a specified time, which the judge deems reasonable: not less than once a week for six successive weeks," and says: "Section 440 provides for publication for a specified time, not less than once a week for six successive weeks. The number of weeks is specified and not the number of times." And again, "the publication evidently means rather more than printing the notice. Its object is to give notice by means of the newspapers, and it cannot be claimed that such notice is given for six weeks before that time expires. Looking at the various provisions referred to, it is a reasonable construction that the law intended a full six weeks' publication and not six times in six different weeks." The court refers (p. 399) to the conflict of decisions in regard to the construction of statutes containing words of similar import and cites *Wood* v. *Morehouse* and *Olcott* v. *Robinson*, remarking that those cases uphold a rule under the statutes to which they relate. *Matter of Wright* (*supra*) construed sections 2528 and 2529 of the Code of Civil Procedure† with reference to publication of a citation in Surrogate's Court, and the statute construed provided for publication of the citation in two newspapers for a specified time "not less than once in each of four successive weeks." The court approved of the *Market National Bank Case* (*supra*) and the reasoning therein. It is true in these cases (*Matter of Wright* and *Market National Bank*) there were other provisions of the Code which were referred to as indications of the intent of the Legislature that the statute provided for publication "for a specified time," and in the discussion reference was made to matters which are not particularly applicable to the statute under consideration in this case; but the court construed the language defining the "specified time" which is substantially identical, except as to the number of weeks,

---

\* Now Civ. Prac. Act, § 234; Rules Civ. Prac. rule 50.— [REP.

† Now Surr. Ct. Act, §§ 58, 59.— [REP.

with the language used in section 37 of the Second-Class Cities Law, and these cases are, in view of the purpose of the statute, authority for holding that this statute (§ 37, which by transposing the words would read " after public notice for three weeks to be published once each week in the official paper or papers ") provides for publication for a specified period of time and not alone for publication three times within three weeks, that publication evidently means more than printing the notice and that it cannot be held that the required notice is given for three weeks before three weeks expire. A prior public notice for some definite reasonable time must ever be important in sales of real estate at public auction.  The title to real estate should not be suspended upon an unnatural or doubtful construction of a statute to vex owners in the future, when a clear, safe construction is manifest.

We find, therefore, that the publication in this case for eighteen days was not the publication required by the statute, and that at the sale, which occurred eighteen days after the first publication of the notice, a purchaser could not acquire a marketable title.

Judgment should be awarded accordingly.

H. T. KELLOGG, Acting P. J., and KILEY, J., concur; HINMAN and HASBROUCK, JJ., dissent upon the authority of *Wood* v. *Morehouse* (45 N. Y. 368).

Judgment in favor of the defendant directed, without costs.