Edwin J. Anhalt, Appellant, v. Leonard L. Stein and Carl Kaufman, Respondents. (Action No. 3 — Appeal No. 2.) — Order granting defendants' motion for examination of plaintiff's assignor before trial modified by striking item VIII from the notice of examination, and as so modified affirmed, without costs. No opinion. Young, Lazansky, Hagarty, Seeger and Carswell, JJ., concur.

Edwin J. Anhalt, Appellant, v. Leonard L. Stein and Carl Kaufman, Respondents. (Action No. 1.) — Order granting defendants' motion for examination of plaintiff before trial modified by striking item V from the notice of examination, and as so modified affirmed, without costs. No opinion. Young, Lazansky, Hagarty, Seeger and Carswell, JJ., concur.

Edwin J. Anhalt, Appellant, v. Leonard L. Stein and Carl Kaufman, Respondents. (Actions Nos. 1 & 3.) — Order, as resettled, denying plaintiff's motion for discovery and inspection affirmed, with ten dollars costs and disbursements. As the action is being tried without a jury and the trial court is willing to determine first the question as to the Statute of Limitations, a further examination at this time is not necessary. Young, Lazansky, Hagarty, Seeger and Carswell, JJ., concur.

Benjamin Bamonte, Appellant, v. Ocean Beach-Fire Island Company, John A. Wilbur and William Wynant Van Zandt, Respondents.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Judgment reversed upon the law, with costs, and judgment directed in favor of the plaintiff, with costs. We are constrained to hold that the publication of the notices of sale for the taxes levied in 1918 and 1919 was not in compliance with the statute* applicable, and that, for such reason, the two deeds made by the county treasurer of Suffolk county to the defendant Ocean Beach-Fire Island Company, dated December 1, 1923, and January 31, 1924, are void and of no effect. (*Smith* v. *Butler*, 215 App. Div. 361.) Findings of fact and conclusions of law contrary to this decision are reversed and new findings in accordance therewith will be made. Manning, Young, Kapper and Hagarty, JJ., concur. Settle order on notice.

Max Banwer, Respondent, v. Fill-Up Gasoline Station, Inc., Appellant.— Order denying defendant's motion to dismiss complaint affirmed, with ten dollars costs and disbursements. While we are of opinion that defendant had the right, under rule 106,† to move to dismiss the complaint at the time it made its motion, we are of the further opinion that the complaint states a cause of action. Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur.