WILLIAM H. OLDS et al., Respondents, *v.* CITY OF JAMESTOWN et al., Appellants, Impleaded with Others.

Argued February 24, 1939; decided April 11, 1939.

*Rollin A. Fancher, Corporation Counsel (Carlos C. Alden* of counsel), for appellants. The tax sale by the city of Jamestown was valid; there was no insufficiency of time in the publication of the notice of sale for respondents' unpaid taxes. (*Smith* v. *Indiana,* 191 U. S. 138; *Bullock* v. *Cooley,* 225 N. Y. 566; *Smith* v. *Butler,* 215 App. Div. 361; *Olcott* v. *Robinson,* 21 N. Y. 150; *Wood* v. *Morehouse,* 45 N. Y. 368; *Market Nat. Bank* v. *Pacific Nat. Bank,* 89 N. Y. 397; *Matter of Wright,* 224 N. Y. 293; *City of Albany* v. *Goodman,* 203 App. Div. 530.)

*Clarence G. Pickard* for respondents. The tax sale conducted by the city was void and conveyed no title to the premises. (*City of Albany* v. *Goodman,* 203 App. Div. 530; *Smith* v. *Butler,* 215 App. Div. 361; *Bamonte* v. *Ocean Beach-Fire Island Co.,* 130 Misc. Rep. 275; *Matter of Wright,* 224 N. Y. 293; *Market Nat. Bank* v. *Pacific Nat. Bank,* 89 N. Y. 397.)

LEHMAN, J. The plaintiffs in this action challenge titles to real property derived from a tax sale held in the city of Jamestown on the 14th day of December, 1934. Notice of the tax sale was dated November 27th, and was published in a newspaper of that city on Wednesday, November 28, Wednesday, December 5, and Tuesday, December 11, 1934. Thus only sixteen days elapsed from the date of the first advertisement to the date of sale. The plaintiffs contend that the tax sale is void because notice for longer period is required by the statute.

The Legislature provided in the charter of the city of Jamestown (Laws of 1923, ch. 665) that notice of tax sales must " be published, once in each week for six successive weeks in the official paper of said city." (§ 86.) In 1933 the Common Council of the city attempted by local law to amend that section of the charter to provide that such notice shall be published " once in each week for three successive weeks in the official paper of said city." (Local Law No. 2, Local Laws 1933, pp. 53, 54.) The plaintiffs contend that even assuming the validity of the local law, the requirement that notice of sale shall be published " once in each week for *three successive weeks* " is complied with only where the full period of twenty-one days has expired since the first publication.

In *Olcott* v. *Robinson* (21 N. Y. 150, 151) this court construed provisions of the Revised Statutes which, as the court said, " require that the time and place of holding any sale of real estate pursuant to any execution, shall be publicly advertised previously for six weeks successively, as follows: 1. A written or printed notice thereof shall be fastened up in three public places in the town where such real estate shall be sold. 2. A copy of such notice shall be printed once in each week, in a newspaper of such county if there be one." There the court held, with three judges dissenting, that though the notice must be posted for six full weeks, *i. e.*, for forty-two days, printing of the notice may begin after posting notice, and notice is complete after it has been posted for forty-two days and has been printed once a week *in* six successive weeks, though less than forty-two days may have elapsed since the date of the first printing. In *Wood* v. *Morehouse* (45 N. Y. 368) this court followed its earlier decision.

The decision was, of course, based upon the court's construction of the language used by the Legislature in the particular statute under consideration. By careful analysis of particular words, the court read into the statute a meaning otherwise not apparent. There is no indication that the court intended that the same construction should be given

to other statutes which used other words, though of similar import. To such statutes the courts gave different, and, at times, conflicting construction. The result was uncertainty and confusion.

In *Market Nat. Bank* v. *Pacific Nat. Bank* (89 N. Y. 397) the court was called upon to determine the length of time which must elapse under section 441 of the Code of Civil Procedure before service of a summons by publication is complete. There the court held that service of notice by publication *for six weeks* is not complete until the full six weeks have elapsed. In its opinion the court pointed out that there had been some conflict " in the decisions in regard to the construction to be given to the language of the statute or to words of a similar import " (p. 399). It cited the cases of *Wood* v. *Morehouse* and *Olcott* v. *Robinson* as instances where a different rule had been announced. The court did not attempt to reconcile these cases or expressly to resolve the conflict. No case was overruled expressly, and perhaps none by necessary implication; but the court in determining the rule in the case there before it used tests which, applied in other cases, would inevitably result in the same construction of all statutes providing for publication of notices a specified number of times for a specified number of weeks, unless the Legislature clearly indicated a different intention. Earlier cases construing similar statutes differently, if not overruled, were limited to their own peculiar facts. That has been the effect which lawyers and students have generally given to that case.

" It will be perceived," the court said, " that the publication must be made for a specified period of time, and when the statute provides for six weeks it is obvious that this period will not elapse prior to its expiration. It does not provide for a publication six times within six weeks, but for a time not less than once a week for six successive weeks. The publication evidently means rather more than printing the notice. Its object is to give notice by means of the newspapers, and it cannot be claimed that such notice is given for

six weeks before that time expires" (p. 400). What was there said supports the construction placed upon the statute by the courts below. The Legislature can, if it chooses, provide different periods of notice. The courts should not by meticulous analysis of the language of a statute or by fine-spun distinctions find, in slight differences in words of similar general import, an intent by the Legislature to provide different rules which must confuse and trouble those who at their peril must follow them. Notice by publication once a week for six successive weeks is given when six weeks have expired — not before. (Cf. *Valentine* v. *McCue*, 26 Hun, 456; *City of Albany* v. *Goodman*, 203 App. Div. 530; *Bamonte* v. *Ocean Beach-Fire Island Co.*, 222 App. Div. 676; affd., 248 N. Y. 642; *Matter of Wright*, 224 N. Y. 293.)

Failure to give the notice required by law is a jurisdictional defect, which cannot be overlooked or remedied by curative statute. (Cf. cases cited above; *Dunkum* v. *Maceck Building Corp.*, 256 N. Y. 275.) Statutes which limit the time for redemption after tax sales are not applicable where the tax sale is void and no title is passed.

The order should be affirmed, with costs, and the certified questions answered in the negative.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.