J. Ernest Welhaven and Mimi Welhaven, Respondents, *v.* Jeanette Kohn, Appellant.

Third Department, November 1, 1939.

*Jacques J. Katz* [*Samuel E. Aronowitz* of counsel], for the appellant.

*Clyde H. Proper*, for the respondents.

Schenck, J. This is an appeal from a judgment rendered against the defendant and directing specific performance of a contract for the purchase of real estate while dismissing the defendant's counterclaim for the refund of a deposit paid on account of the contract in question. The appeal is based on three grounds. Because of the fact, however, that there was a reversible error of law committed by the trial court in regard to one of these grounds, the other two may be disregarded.

The sole point that need be determined, and which is sufficient to cause reversal of the judgment, is the question of the plaintiffs' title to the property, the contract for the sale of which they are endeavoring to enforce. The plaintiff Mimi Welhaven is the record title holder. She acquired title at a sale following a mortgage foreclosure proceeding in 1935. It is obvious that if this foreclosure proceeding contained a defect sufficient to make it invalid, Mimi Welhaven's title is not good and these plaintiffs cannot maintain the present action.

In the foreclosure proceeding in question the first publication of sale was made on December 19, 1934, and the last publication appeared on January 23, 1935. Even if both the first and last dates of publication, therefore, are included, it is clear that but thirty-six days elapsed between the date of first publication and the date of last publication. In this connection, subdivision 2 of section 712 of the Civil Practice Act provided:

" 2. A copy of the notice must be published at least once in each of the six weeks immediately preceding the sale  *   *   *."

This section was in effect in 1934 so that if it appears that the publication in the instant case did not comply with its provisions in the light of judicial interpretation, then the sale was invalid, the plaintiffs have a defective title and judgment directing specific performance of defendant's contract to acquire that defective title must, of course, be reversed.

The law is not new upon the point that publication for six weeks means that forty-two days must elapse between the first and last dates thereof. However, the law has been most recently clearly enunciated by the Court of Appeals in *Olds* v. *City of Jamestown* (280 N. Y. 281). That case squarely held that a law which required publication of tax sales " once in each week for three successive weeks in the official paper of said city " is complied with only where the full period of twenty-one days has expired since the first publication. It was held that a tax sale which took place only sixteen days after the first publication was not valid even though there were three publications, one in each of three different weeks. The analogy between that situation and the one at hand is so direct and complete as to be conclusive. As a matter of fact, in writing the opinion for the unanimous court, Judge LEHMAN covers the precise situation in the instant case when he states (at p. 285): " Notice by publication once a week for six successive weeks is given when six weeks have expired — not before." The court goes on to cite, among others, the case of *City of Albany* v. *Goodman* (203 App. Div. 530), in which this department made a ruling to the identical effect of the *Olds* case decision. It is impossible to go beyond these authorities to determine that the

sale only thirty-eight days after the first publication, by which Mimi Welhaven acquired her title, was invalid, and the judgment of the trial court must be reversed.

Inasmuch as the defendant's counterclaim is based upon a sum of money paid as a deposit, together with the agreed value of the title search and counsel fees, which sum is fixed and readily determinable, judgment must also hereby be entered in favor of the defendant upon her counterclaim.

The judgment for plaintiffs should be reversed, with costs, and judgment granted to defendant on her counterclaim.

HEFFERNAN and FOSTER, JJ., concur; HILL, P. J., and CRAFSER, J., dissent, and vote to affirm, upon the following ground: That section 712 of the Civil Practice Act requires that a notice be posted for forty-two days. This was complied with. The second paragraph of the section requires that a notice shall be published " at least once in each of the six weeks immediately preceding the sale." This was complied with. The last publication was had on Wednesday, January 23, 1935, and the sale was held on Saturday of the same week, January 26, 1935.

Judgment for plaintiffs reversed, on the law, with costs, and judgment granted to defendant on her counterclaim.