ALBERT D. ELLER, Plaintiff, *v.* LOCH SHELDRAKE IMPROVEMENT CORP. et al., Defendants.

Supreme Court, Trial and Special Term, Sullivan County, December 31, 1948.

*John E. Egan* for plaintiff.

*Lazarus I. Levine* for Loch Sheldrake Improvement Corp., defendant.

*Ellsworth Baker* for Mongaup Lumber and Wood Corporation, defendant.

BERGAN, J. The action is maintained under article 15 of the Real Property Law which authorizes a determination of an adverse claim to real property (§ 500), and damage is sought for waste under sections 533 and 534 of that statute.

It is alleged in general language that at the times specified the plaintiff was and still is the owner of the land described and that defendant Loch Sheldrake Improvement Corp. "unjustly claims an estate and interest" in the premises arising from the deeds of its grantors and that this defendant, in agreement with defendant Mongaup, has entered with Mongaup on the land and taken away timber.

Defendant Loch Sheldrake alleges as an affirmative defense it derived title through a tax sale for the nonpayment of taxes duly levied and imposed and as a counterclaim based on the validity of the tax sale, asks that it be reimbursed for any taxes paid if an adjudication is given in favor of plaintiff.

Plaintiff was deemed to have denied the new matter pleaded in the first affirmative defense (Civ. Prac. Act, § 422, subd. 3), and the counterclaim was so framed as not to seek relief unless judgment went for plaintiff on the general issue. Therefore, plaintiff's failure to reply was a default on a contingent issue.

I have no doubt that an action under article 15 of the Real Property Law is an appropriate way to test the validity of a tax title under section 132 of the Tax Law. This was the form in which relief was sought in *Helterline* v. *People* (295 N. Y. 245), but as it was indicated there, in an appropriate case, the limitations of time imposed by section 132 would be applicable to such an action.

The form in which the pleadings stood at the commencement of this trial, however, with defendant Loch Sheldrake alleging title derived from a tax sale and plaintiff merely constructively denying this, was no clear pleading of the essential nature of the issue here, i.e., that the sale was invalid against plaintiff because of a failure to follow statutory directions in giving notice of the sale and notice to redeem.

These were the main questions litigated at the trial, and a motion by plaintiff to conform his pleading to the proof was granted under section 434 of the Civil Practice Act. No further written pleading has been filed by plaintiff, but plaintiff argues the invalidity of the tax sale on the insufficiency of notices as the basis of his claim.

Defendants argue that the limitations of time bar the action under section 132 of the Tax Law. Plaintiff contends the defense must be expressly pleaded or it is waived. Defendant Loch Sheldrake applies in its brief for permission to amend its answer to allege the Statute of Limitations as an affirmative defense to plaintiff's contention on the trial that the tax sale was invalid and did not affect his title.

It would be difficult to forecast the nature of these issues from reading the written pleadings as they stood at the opening of the trial. Certainly nothing that plaintiff pleaded expressly gave any suggestion that it would be his main contention that the tax sale was invalid because of a failure to follow statutory directions in respect of publication and the mere constructive issue raised, which is in the nature of a general denial against the affirmative defense in the answer that defendant Loch Sheldrake's title was derived by virtue of a tax sale for the nonpayment of taxes duly levied is far short of the plain statement of the facts relied on required of all pleadings (Civ. Prac. Act, § 241).

In the view which I take of the merits of the case, and for the reasons which I will state, the defense of the Statute of Limitations becomes immaterial; but if a different view be taken on appeal, I do not think defendant should be debarred from having reviewed also their claim that the Statute of Limitations has run. Certainly if the plaintiff's motion to conform his pleadings with the proof should have been granted, the defendant Loch Sheldrake Corporation should, as a very minimum of fairness, be allowed to plead the Statute of Limitations so that its availability may be open to consideration.

Amendments to pleadings may be made at any stage of the action according to the requirements of the case and the applica-

tion of defendant Loch Sheldrake to amend its answer to plead the additional affirmative defense of the Statute of Limitations is granted. (Cf. *Maresco* v. *Kaufman Dyeing & Finishing Works,* 224 App. Div. 705.)

On the merits of the action I think the tax sale from which defendant Loch Sheldrake derives title is valid and creates a title in the land superior to that of plaintiff. The description of the land in the assessment and notices is fully adequate to cover both parcels described in the complaint. Only on one side, the east, does plaintiff say that the description is inadequate; he testified that no one named " Coddington " ever owned or occupied the land to the east.

The quantum of land is precisely stated, a very rare thing in rural assessments. Plaintiff testified the quantity in one parcel is 97 acres and the other is 40 acres, a total of 137 acres, which is exactly what the assessment states; and indeed plaintiff admits he could recognize his property from the description and knew it was included in the 1933 tax sale. Thus, the description was fully adequate if there were proper publication. Plaintiff concedes that the failure of the county to serve notice on him is not a jurisdictional defect in the tax proceeding.

The question that remains, and it is the crucial question here, is the adequacy of the publication of the notice of sale and the notice to redeem. The statute (Tax Law, § 151) provides that the treasurer shall cause to be published " at least once in each week for six weeks " a list of real estate liable to be sold, with a notice that such real estate will be sold on a day " at the expiration of said six weeks ". The day shall be specified.

Publication began in the *Liberty Register* on Thursday, June 8, 1933, and continued successively on Thursdays of each week to July 13, 1933. It began in the *Monticello Bulletin* on Tuesday, June 13, 1933, and continued on successive Tuesdays until July 18, 1933. The notice stated the sale would be held July 27, 1933.

Thus there was a publication at least once in each week for 6 weeks and the sale was noticed for a day at the expiration of 6 weeks — all in literal compliance with the applicable statute. Forty-two days did not elapse between the first and last publications in either case. There was a lapse of 35 days between them, but 49 days elapsed between the first publication in the *Register* on June 8th and the sale on July 27th. The full " expiration of * * * six weeks " therefore occurred between the first publication and the sale. And in the *Bulletin* publication there was

a lapse of 44 days between the first publication and the sale. There can be no doubt that the statute makes the date of sale the test of the expiration of 6 weeks. It says so in plain language.

As LEHMAN, J., noted in *Olds* v. *City of Jamestown* (280 N. Y. 281) the language of the statute pursuant to which publication is made is controlling and is to be given its usual meaning unless there is a binding judicial construction which imports a different meaning (pp. 283, 284). In that case a local law required the publication of the notice of tax sale once a week for 3 successive weeks. But only 16 days elapsed between the date of publication and the sale. The court said that notice of publication for 6 successive weeks is given " when six weeks have expired — not before " (p. 285).

But of course the " expiration " is not the number of days between first and last publication, but the expiration of a full 6 weeks or 42 days between the first publication and the sale. And where there has been a publication in 6 successive weeks and the concurrent lapse of at least 6 full weeks between the first publication and the sale I think under all the authorities there would be a compliance with the statute which is controlling here.

Under a statute providing that service of a summons by publication shall be complete on the day of last publication, and requiring publication not less than once a week for 6 successive weeks, it was held in *Market Nat. Bank* v. *Pacific Nat. Bank* (89 N. Y. 397) that 42 days or 6 full weeks must elapse between the first publication and the last and that a publication 6 times in 6 different weeks was not enough. But there the service became complete by the last publication itself; here the publication related to the sale, an event which the statute prescribed should be on a day " at the expiration of said six weeks " which is quite a different thing.

The date of sale and not the date of last publication itself was the controlling factor. The nature of the problem is illustrated in *Bamonte* v. *Ocean Beach-Fire Is. Co.* (248 N. Y. 642). There the lapse of time between the first publication and the sale was only 38 days and Mr. Justice LAZANSKY, who heard the case at Special Term, argued with some force (130 Misc. 275) that there had been a compliance with section 151 of the Tax Law giving emphasis to the language " on a day at the expiration of said six weeks specified in said notice " (p. 279). The decision was reversed by the Appellate Division (222 App. Div. 676), a view in which the Court of Appeals concurred; but all the implications of the case suggest that had 42 days elapsed

between the first publication and the sale it would have been held sufficient.

As the Appellate Division, Third Department, emphasized in *City of Albany* v. *Goodman* (203 App. Div. 530) in construing a similar statute, it is the period elapsing before the sale that is the test of sufficiency. To the same effect under still another statute see *Smith* v. *Butler* (215 App. Div. 361). (Cf. *Bunce* v. *Reed,* 16 Barb. 347.)

*Olcott* v. *Robinson* (21 N. Y. 150) goes very far in the direction of supporting the sufficiency of publication; and it has been criticized and delimited (*Olds* v. *City of Jamestown,* 280 N. Y. 281, *supra*) but resort to its authority or reasoning is not necessary in this case where there has been a literal statutory compliance. Nothing actually decided in *Stevens* v. *Breen* (258 App. Div. 423, affd. 283 N. Y. 196) gives any support to plaintiff in the light of the mere dictum of the opinion based both upon the concessions of the parties and the decision of the *Olds* case (*supra*) (see p. 426). I hold there was a full compliance with section 151 of the Tax Law, in the notice of tax sale held July 27, 1933.

Publication of the notice of redemption also complied with the provisions of section 130 of the Tax Law. This requires publication once a week for at least 6 weeks successively " the last publication to be at least six weeks before expiration of the year " (allowed for redemption). Here the first publication in the *Sullivan County Republican* was April 6, 1934, and the last was May 11, 1934. In the *Republican Watchman* the dates of publication were the same. Publication ran in 6 successive weeks.

Although again there were only 35 days between the first and last publications, it is not open to argument that the last publication was at least 6 weeks before the expiration of the specified time to redeem, which provides the statutory test. (*Westbrook* v. *Willey,* 47 N. Y. 457.)

Judgment for defendants, but in the exercise of discretion, without costs. Submit decision and judgment.