KATE T. BARTO, as ADMINISTRATRIX, ETC., PLAINTIFF, *v.* THE TOMPKINS COUNTY NATIONAL BANK, DEFENDANT.

*Recording acts — sale by surrogate for payment of debts — title acquired by purchaser has priority over unrecorded deed.*

In 1855, N. Halsey executed a deed of conveyance of a lot to Warren Halsey, the deed being left with a third person, to be delivered on payment of the price; the price was paid and the deed delivered in January, 1865, and the deed was recorded May 3, 1876. September, 1873, a judgment was docketed against Warren, under which an execution was issued in September, 1876, and the lot sold in December, 1876, a deed being delivered in April, 1878. In November, 1875, the lot was sold under proceedings had in the Surrogate's Court for the sale of the real estate of N. Halsey, deceased, to pay debts; Warren Halsey, who was one of the executors, joining with the others in the petition. Defendant, who held a note against the estate of N. Halsey for $30,000, purchased the lot at the surrogate's sale, and paid the whole purchase-price into the Surrogate's Court, receiving a deed which was recorded in November, 1875. *Held,* that under the recording act, the title acquired by the defendant was superior to that acquired by the purchaser at the sheriff's sale.

CONTROVERSY submitted upon admitted facts, under section 1279 of the Code of Civil Procedure.

The question submitted was whether the plaintiff or the defendant had the better title to a farm, in the town of Ulysses, Tompkins county.

*F. M. Finch,* for the plaintiff. The defendant was not a *bona fide* purchaser under the recording acts, because the purchase was merely applied upon a precedent debt, and no new or valuable consideration was parted with on the faith of the title. (*Dickinson* v. *Tillinghast,* 4 Paige, 215; *Coddington* v. *Bay,* 20 John., 637; *Westervelt* v. *Haff,* 2 Sandf. Ch., 98; *Schutt* v. *Large,* 6 Barb., 373; *Wright* v. *Douglass,* 10 id., 98; *Woodburn* v. *Chamberlain,* 17 id., 446; *Arnold* v. *Patrick,* 6 Paige, 310; *Merritt* v. *Northern R. R.,* 12 Barb., 605; *Pickett* v. *Barron,* 29 id., 505; *Cary* v. *White,* 52 N. Y., 138; *DeLancy* v. *Stearns,* 66 id., 157; *Weaver* v. *Barden,* 49 id., 291; *Schaffer* v. *Reilly,*

50 id., 66; *Sheldon* v. *Edwards*, 35 id., 285; *Reeves* v. *Kimball*, 40 id., 311; *Bush* v. *Lathrop*, 22 id., 535.)

*Wm. N. Noble*, for the defendant.

BOARDMAN, J.:

In 1855, one Nicoll Halsey owned the lands in controversy. He then executed a deed of such lands to one Warren Halsey, and delivered the deed to a third party, to be delivered to said Warren upon payment in full of the purchase-price. In January, 1865, the deed was delivered to said Warren, the purchase-price having been fully paid. This deed was not put upon record until May 3d, 1876. The plaintiff claims title under a sheriff's deed, given on a sale under a judgment recovered against said Warren Halsey, in September, 1873, upon which an execution was issued in September, 1876, and a sale made thereunder in December, 1876. There having been no redemption, the sheriff's deed was executed and delivered to the plaintiff (who is the representative of the plaintiff in the judgment) in April, 1878. The defendant claims title by virtue of a conveyance, executed, delivered and recorded about November 1, 1875, under proceedings had in the Surrogate's Court for the sale of the real estate of which Nicoll Halsey died seized, for the payment of his debts. Warren Halsey was in possession of the premises when defendant purchased. Warren Halsey was one of the executors of Nicoll Halsey's will, and as such united with the other executor in the petition for the sale of the real estate of Nicoll Halsey for the payment of his debts, in which it was alleged that Nicoll Halsey died seized of said premises. The petition was verified by Warren Halsey. The same statement was made by Warren Halsey to the defendant, which relied thereon during all the proceedings had. The defendants held claims to the amount of $25,000 against Warren Halsey, William Halsey, Henry Halsey and Robert Halsey, four sons of Nicoll, who severally took shares in his estate under his will. All of these except Robert were insolvent in 1874, and Robert has since become insolvent. Robert, at the time of Nicoll's death, held his note for $30,000, which was turned out to defendant as collateral security for the aforesaid debt of $25,000. It was by virtue of

this $30,000 collateral note that proceedings were instituted to sell the real estate of Nicoll Halsey in Surrogate's Court. Other facts will appear in the statement made upon the submission.

The title of the plaintiff as against the defendant is void under the recording act. (1 R. S., 756, § 1.) Defendant's deed was first recorded. The real estate described in the two deeds was the same. The defendant was a purchaser in good faith and for a valuable consideration. Upon the sale, under the order of the Surrogate's Court, the defendant was the purchaser, and paid into the Surrogate's Court the whole purchase-price. This was done to protect its own interest, and to secure its debt against Nicoll Halsey's estate. But the purchase-money was not directly applied upon the debt. The bank absolutely parted with its money. It could not reclaim it, or any portion of it, to apply on its debt, except after further proceedings and a determination or judgment of the Surrogate's Court. What amount could be recovered was uncertain. It depended upon the sum of debts which might be established against the estate of Nicoll Halsey. It was not such an application of the purchase-price upon a precedent debt as would impeach the defendant's character as a purchaser for a valuable consideration. The debt due defendant was not reduced by any payment until some time after it had bought and paid for the premises, taken its deed, and had it recorded. The subsequent action of the court recognized defendant as still a creditor, and as such it was entitled to a distributive share of the purchase-money it had paid. The case under consideration is very much stronger for the defendant than that of *Wood* v. *Chapin* (13 N. Y., 509), where it was held that a purchaser under an execution is a purchaser for a valuable consideration, if he pays in cash the expenses of the proceedings, though the remainder of the purchase-price is directly applied to a precedent debt. That case has been very keenly criticised by the plaintiff's counsel, but it is recognized, and the principle reiterated in *Wood* v. *Morehouse* (45 N. Y., 368). Judge ALLEN, it is true, in the late case of *Weaver* v. *Barden* (49 N. Y., 265), expresses the opinion that the purchaser is a purchaser for a valuable consideration only to the extent of the new value parted with by him, and to that extent he would be entitled to a lien on the property bought. But this view does not appear

to have been concurred in by the court. Judge GROVER expressly dissented, and the other judges concurred only in the result of Judge ALLEN's opinion.

It is further argued that the recording act. cannot apply, since prior to the time of the surrogate's sale Nicoll Halsey had divested himself of all title to the property, and hence the surrogate's sale had nothing to act upon, and could convey no title. But it is held that a sale under legal proceedings will have the same effect, in this respect, that a second deed from Nicoll Halsey would have had if first recorded. (*Jackson* v. *Chamberlain*, 8 Wend., 620; *Hetzell* v. *Barber*, 6 Hun, 534, as modified by the Court of Appeals, 5 Weekly Dig., 141.)

We conclude, therefore, that the plaintiff's deed is void as against the defendant under the recording act.

Judgment must, therefore, be ordered for the defendant. with costs.

LEARNED, P. J., and TAPPAN, J., concurred.

Judgment ordered for defendant on submission, with costs