Wallace v. Feely.

---

JOHN F. WALLACE *et al.*, Respondents, *against* MICHAEL FEELY *et al.* : DANIEL DALY, Appellant.

(Decided January 4th, 1882.)

Section 1678 of the Code of Civil Procedure, regulating foreclosure sales, prescribes only a rule of proceeding, to render available the judgment of foreclosure; and therefore the amendment of 1881 (L. 1881, c. 682) allowing two or more buildings situated on the same city lot to be sold together, is effectual, pursuant to its provisions, to render valid sales, previously made which would be lawful according to its terms.

APPEAL from an order of this court denying a motion by a purchaser at a foreclosure sale to be relieved from his purchase.

The facts are stated in the opinion.

*David McClure*, for appellant.

*William B. Putney*, for respondents.

BEACH, J.—The petitioner moved in the court below to be relieved of his purchase, made at a foreclosure sale, of premises in this city, consisting of three distinct buildings on one city lot, because sold in one parcel. The relief was denied, and the petitioner appealed from the order. The minor objections to the title seem to have been readily cured, leaving only for consideration, the one relating to the sale of the premises in gross. Subsequent thereto, the legislature passed an act, approved July 26th, 1881, amending section 1678 of the Code of Civil Procedure, declaring valid any sales theretofore made, which would be lawful according to the terms of the act.

The question here may therefore be disposed of under this legislation, if effectual, without deciding upon the regularity of the sale. The section of the code prescribes only a rule of proceeding, to render available the judgment of foreclosure (*Cunningham* v. *Cassidy*, 17 N. Y. 276). Although this rule may have been violated by the mode of sale, I am of opinion the legislature had power to validate the proceeding. The principle has thus been stated : " where a court or its officers, in a case of which the court has full jurisdiction, have failed to observe strictly the rules of procedure, which are prescribed for the orderly conduct of affairs, and in consequence thereof, a party who was in no way injured by the irregularity, is nevertheless in position to take advantage of the error to avoid the proceedings, it is often not only just, but highly proper, that the legislature should interfere and cure the defect by validating the proceedings " (2 Story on the Constitution, 674; *Matter of Palmer*, 40 N. Y. 561 ; *Chandler* v. *Northrop*, 24 Barb. 129).

The order should be affirmed, with costs.

VAN HOESEN, J.—Section 1678 of the Code, as it now reads, expressly provides that "two or more buildings situated on the same city lot may be sold together." It further provides that any sale, made prior to the passage of the act amending section 1678, should be valid, if it would be lawful if it had been made subsequently to the passage of the act.

I agree with Judge BEACH, that the act referred to validated the sale from which the purchaser asks to be relieved.

The order should be affirmed with costs.

Order affirmed, with costs.