AUGUSTUS C. BECHSTEIN, Respondent, *v.* ROBERT D. SCHULTZ et al., Appellants.

In an action to compel the specific performance, by the vendee, of a contract for the sale of lands, the title was objected to on the ground that the notice of postponement of a foreclosure sale, under which the vendor held, was not published until after one of the dates to which it was adjourned. It appeared that the referee's report of sale was duly served upon all parties to the action, no exceptions were made thereto, and the sale was upon due notice ratified and confirmed by the court without objection. *Held*, that the omission to publish the notice of postponement was an irregularity which could be waived, and which, from the subsequent proceedings, must be assumed to have been waived

Reported below, 45 Hun, 191.

(Argued March 7, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of May, 1887, on a case submitted under section 1279 of the Code of Civil Procedure.

This was an action for the specific performance of a contract for the purchase of certain premises in the city of New York.

The facts are sufficiently stated in the opinion.

*William L. Snyder* for appellant. The statute is mandatory. "Notice of a postponement" of sale cannot be given after the time to which the postponement is had is past. Such notice cannot relate back to the date of the postponement.

(Code Civ. Pro. § 1678; *Bicknell* v. *Byrnes*, 23 How. Pr.
486; *Stilwell* v. *Swarthout*, 81 N. Y. 109; *Havens* v. *Sher-
man*, 42 Barb. 636.) The defect in advertising was not cured
by the subsequent publication, nor by the service of the order
confirming the report of sale. (Code Civ. Pro. § 1557; *Bick-
nell* v. *Byrnes*, 23 How. Pr. 486.) The only way to cure the
defect, we submit, was to comply with the statute by publish-
ing the original notice of sale *de novo*. (*Bicknell* v. *Byrnes*,
23 How. Pr. 486.)

*L. A. Gould* for respondent. The delay in advertising the
adjournment of sale did not render it void. (*Woodhull* v.
*Little*, 102 N. Y. 165; *Abbott* v. *Curran*, 98 id. 655.)

BROWN, J. The plaintiff purchased the property which he
agreed to convey to the defendant, at a forclosure sale.

The case states that the property was advertised by the
referee to be sold on August 13, 1884, that said sale was
adjourned to August nineteenth, and from that date to Septem-
ber second, and from that date to September fourth, when the
sale took place. That the notice of postponement of the sale
from August nineteenth to September second, was not pub-
lished until September fourth, when all the adjournments were
published in the newspaper where the original notice of sale
was required to be and was published. That after the sale the
referee filed his report of sale and said report was duly
served upon the respective attorneys of all the parties defend-
ants in said foreclosure action; that no exceptions were filed
to said report and the same was by order in all things con-
firmed by the Supreme Court, and said order of confirmation
was thereafter served upon said attorneys respectively and
that said order has not been appealed from, vacated or
modified.

The defect in the title is claimed to arise from the failure
to publish the notice of the adjournment of the sale until
after September second, one of the dates to which it was
adjourned.

Section 1678 of the Code of Civil Procedure provides among other things that notice of postponement of the sale must be published in the paper or papers where the notice of sale was published.

We think the objection made is not available to the defendant.

The court had jurisdiction over the subject-matter of the controversy between the parties to the foreclosure action, and it is not claimed that the judgment in that action was not in all respects valid and regular.

The omission to publish the notice of the adjourned sale was an irregularity merely, which might have afforded good ground for vacating and setting aside the sale made, but one which the parties were competent to waive, and which from the subsequent proceedings we must assume they did waive.

The referee's report of sale appears to have been duly served upon all parties to the action, and upon due notice the sale was ratified and confirmed by the court, and with the order then entered no complaint has been made.

The sale was not void and none of the parties in interest having made any complaint the objection is not available now to impeach the title of the property.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.