WILLIAM E. HEDLEY, INC., Plaintiff, *v.* AMY W. LOOMIS et al., Defendants. Actions 3, 4, 5 and 6.

(County Court, Erie County, October, 1921.)

Foreclosure — tax liens — publication of legal notices — constitutional law — Laws of 1921, chap. 546 — Code Civ. Pro. §§ 1434, 1678 — Civil Practice Act, §§ 712, 986.

The curative statute (Laws of 1921, chap. 546) entitled "An act to legalize the publication of all legal instruments, papers, documents and notices heretofore published in the Buffalo *Legal Daily,*" which is not a newspaper within the meaning of sections 1434 and 1678 of the Code of Civil Procedure (Civ. Prac. Act, §§ 712, 986), is a valid exercise of constitutional power.

While the legality of the publication of the notices of sale in the *Legal Daily* of Buffalo, by the referee to sell in actions to foreclose city tax liens on several pieces of property was in question, the curative act of May 4, 1921, was passed. *Held,* that the sale which was held on January 24, 1921, was valid and that the purchaser there, who asked to be relieved on the ground that said curative act was unconstitutional, will be compelled to complete his purchase.

The order to be entered will provide that in the event of the purchaser's failure to comply therewith, the expenses of a resale of the property by the referee and all losses thereunder, shall be borne by said purchaser.

County Court, Erie County, October, 1921. [Vol. 116.

MOTION to compel purchaser at foreclosure sale to complete his purchase.

Edgar H. Hedley, for plaintiff.

Strebel, Corey & Tubbs (Warren Tubbs, **of coun-sel**), for Wm. H. Fitzpatrick, intervening.

NOONAN, J. Actions were brought by the plaintiff to foreclose city tax liens on four separate parcels of property, and the cases are now before the court upon the motion by the plaintiff to compel Mr. William H. Fitzpatrick, the purchaser at the foreclosure sale, to complete his purchase, and a cross motion by Mr. Fitzpatrick to be relieved of this obligation on grounds to be discussed later.

The unpaid tax liens against the various parcels of property here involved were purchased by the plaintiff, and in due time foreclosure proceedings were instituted under authority given by the charter of the city of Buffalo. The actions were conducted in the usual manner up to the time of judgment of foreclosure and sale, and the referee appointed to sell published the advertisements required by sections 1434 and 1678 of the Code of Civil Procedure (Civ. Practice Act, §§ 712, 986) in the *Legal Daily* of Buffalo. No objection has been made to the regularity of the proceedings prior to the publication of the notices of sale. After the publication of the notices, and the sale of the property, pursuant to the said publication, an action was started by Mr. Charles A. Finnigan against George S. Buck, as mayor of the city of Buffalo, and others, for a judgment restraining the defendants from entering into a contract with the Legal Daily Publishing Corporation for the publication in the *Legal Daily* of Buffalo, N. Y., of any

tax sale notices, or other matter required by law to be published.

On May 4, 1921, Mr. Justice Woodward, before whom this action was tried, rendered a decision in which, among other things, he found: " That the *Legal Daily* of Buffalo is not a newspaper within the meaning of the statute." This judgment was afterward affirmed by the Appellate Division, fourth department (197 App. Div. 927), and by the Court of Appeals.

While the legality of the publication of the notices in the *Legal Daily* of Buffalo was in question, legislation was introduced to cure this defect, and on May 4, 1921, the legislature of the state of New York enacted chapter 546 of the Laws of 1921, entitled "An act to legalize the publication of all legal instruments, papers, documents and notices heretofore published in the Buffalo *Legal Daily,*" to wit: " *The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

" Section 1. The publication of every legal instrument, paper, document or notice, required by law to be published, heretofore printed and published in the Buffalo Legal Daily, a newspaper published in the city of Buffalo, New York, is hereby declared to be and is a legal publication, provided such legal instrument, paper, document or notice was printed and published in such paper for the number of times and in the manner provided by law."

The attorneys for Mr. Fitzpatrick contend that this curative act of May 4, 1921, is unconstitutional and void, and the real question before the court for decision is whether or not the title to the various pieces of property in question is in such shape, after the passage of this curative legislation, as to warrant the court in compelling the purchaser at the

foreclosure sale to complete his purchase and take title to the property.

The notice of sale was published on the 3d, 8th, 10th, 15th, 17th and 22d days of January, 1921, respectively, and the sale was held on January 24, 1921. If the publication of the notice of sale had been in a newspaper within the meaning of the statutes, it would undoubtedly have been valid and the sale thereunder not open to the objections now raised (*Wood* v. *Morehouse,* 45 N. Y. 368), and, as a judgment of foreclosure and sale is final and not interlocutory (*Morris* v. *Morange,* 38 N. Y. 172), the equity of redemption would end with the sale. 27 Cyc. 1799. Therefore if the legislature had the power to pass the curative act, the sale was valid and the purchaser is bound to complete his purchase.

The general rule as to the validity of curative statutes seems to be that the legislature is competent by a retrospective statute to cure and validate proceedings irregular and invalid because not conforming to the act under which they were taken if it could in the first instance have constitutionally directed the proceedings to have followed the course which they actually did follow. *People ex rel. Am. Ex. Nat. Bank* v. *Purdy,* 196 N. Y. 270; *Wallace* v. *McEchron,* 176 id. 424; *Meigs* v. *Roberts,* 162 id. 371, and a long line of cases cited under article I, section 6, of Constitution of New York, under subdivision of " curative statute." As the legislature undoubtedly had the power to fix a different period of publication, or dispense with it entirely, or provide a method of advertising the sale by distribution of handbills or posting the notice of sale, or by providing publication in a specified newspaper, as has been done under section 97 of the Judiciary Law, which gives the judges of the Appellate Division of the first department authority to establish by their

order an official paper for the publication of legal notices, and as the publication of the notice of sale is clearly ministerial and not jurisdictional (*Wallace* v. *Feely,* 10 Daly, 331; affd., 88 N. Y. 646), I believe the curative act of May 4, 1921, is constitutional and valid. *People ex rel. Collins* v. *Spicer,* 99 N. Y. 225.

An order may be entered requiring William H. Fitzpatrick to complete his purchase under the foreclosure sale, and in the event of his failure so to do, for the resale of the property by the referee heretofore appointed. The expenses of the resale and any losses thereunder to be borne by said William H. Fitzpatrick.

Ordered accordingly.