VINCENT PAWLAK, Plaintiff, *v.* JOSEPH GRUSZECKI et al., Defendants.

County Court, Erie County, February 26, 1925.

Mortgages — deficiency judgment — motion to vacate deficiency judgment entered against defendant and others in action to foreclose mortgage — notices of sale of mortgaged premises were not posted at least forty-two days prior to date of sale as required by Civil Practice Act, § 712 — defendant did not waive rights as to publication or posting of notices — provisions of statute are mandatory — judgment invalid and must be vacated.

A deficiency judgment entered against the defendant and others in an action brought to foreclose a mortgage upon real property will be vacated as to the defendant only, where it appears that the sale of the premises was had in the city of Buffalo, though the property sold was situated in the town of Boston, N. Y.; that the notices of sale were posted in the town in which the property was situated for only thirty-nine days prior to the day of sale, though section 712 of the Civil Practice Act requires that notices of sale in a mortgage foreclosure action must be conspicuously posted at least forty-two days prior to the sale, since the provisions of the statute for the posting and publication of the said notices are mandatory and the court has no discretion in the case.

Though the defect in the publication of the notices is an irregularity, it nevertheless operates to make the sale voidable, since it has not been waived by the defendant.

MOTION by defendant Konstanty Wroblewski to vacate a deficiency judgment.

*Wylegala & Kaszubowski* [*Victor B. Wylegala* of counsel], for the motion.

*Merritt N. Baker,* opposed.

NOONAN, J.:

The petitioner Konstanty Wroblewski is seeking to vacate a deficiency judgment entered against him and others in the above-entitled action which was brought to foreclose a mortgage upon real property in Boston, N. Y.

The sole ground for his motion is the fact that the notices of sale were not posted according to section 712 of the Civil Practice Act, which provides that: " * * * 1. A written or printed notice thereof *must* be conspicuously fastened up at least forty-two days before the sale, in three public places in the town or city where the sale is to take place, and also in three public places in the town or city where the property is situated, if the sale is to take place in another town or city."

In the instant case the sale was held in the city of Buffalo, N. Y., but the property sold is in the town of Boston, N. Y. It is conceded that the notices of sale were posted in the town of Boston, N. Y., only thirty-nine days before the day of sale.

As the publication and the posting of notices of sale are ministerial and not jurisdictional (*Cunningham* v. *Cassidy,* 17 N. Y. 276; *Wallace* v. *Feely,* 10 Daly, 331; affd., 88 N. Y. 646; *Hedley, Inc.,* v. *Loomis,* 116 Misc. 605), the defect complained of is only an irregularity. The sale was not void, but may be voidable if the defects have not been waived (*Bechstein* v. *Schultz,* 120 N. Y. 168), and the real question before the court is whether or not the said irregularity is sufficient to justify granting the relief asked for.

While it would seem that this irregularity might often occur, I cannot find any clearly decisive line of authorities either way. Under the old statute (2 R. S. 368, § 34), which, so far as material, reads as follows: " The time and place of holding any sale of real estate pursuant to any execution, shall be publicly advertised, previously for six weeks successively, as follows: 1. A written or printed notice thereof shall be fastened up in three public places in the town where such real estate shall be sold * * *: 2. A copy of such notice shall be printed once in each week in a newspaper * * *," the court held in *Olcott* v. *Robinson* (21 N. Y. 150) that the law had been complied with where the notice had been posted forty-three days before the sale, although the date of the first publication, made once a week, for six successive

weeks, was not forty-two days before the sale. The validity of such a *publication* is upheld in *Wood* v. *Morehouse* (45 N. Y. 368), which did not consider the question of the proper posting of the notices. These cases seem to fairly interpret the law then in force.

The language of the present statute is somewhat different. It is mandatory and specific as to the time of posting, viz., forty-two days before the date of sale. A provision either in the mortgage or in the statute requiring a posting of the notices of sale must be strictly complied with, in respect to the places designated for such posting, the *length* of time prescribed, and other particulars. (27 Cyc. 1474, citing *King* v. *Duntz*, 11 Barb. 191.)

Although it was held (*Sproule* v. *Davies*, 171 N. Y. 277) that a judicial sale made by a referee, when the law required it to be done by the sheriff, was irregular, yet the purchaser would have to complete his contract, there is (at p. 280) this significant statement: " Had any of the parties to the action appealed from the provision of the judgment directing the sale by the referee, it doubtless would have been reversed and the sale ordered to be made by the sheriff." There the parties to the action were satisfied and waived any irregularities, but in the instant case one of the parties is not satisfied. He is objecting to the irregularity and has not waived any of his rights.

The most recent case in point is *City of Albany* v. *Goodman* (203 App. Div. 530). In that case the statute required the notice of sale " to be published once each week for three weeks," and the court held that the sale is not valid unless the first publication is had twenty-one days before the day of sale. It also held that a sale, which occurred eighteen days after the first publication, was invalid. Here the whole subject of the necessity of a strict compliance with statutory provisions was carefully considered, and it was decided that a strict compliance is a prerequisite to a valid judgment.

Under section 712 of the Civil Practice Act the requirements for the *posting* and the *publication* of the notices of sale are equally mandatory, and, if I correctly interpret the decision in *City of Albany* v. *Goodman* (*supra*), both must be strictly followed, and because the statute was not strictly followed in posting the notices of sale in the town of Boston, N. Y., the judgment is invalid and must be vacated and set aside as to the petitioner Konstanty Wroblewski only. The court has no discretion in such a case.

An order may be entered accordingly, without costs.