ROCHESTER SAVINGS BANK, Plaintiff, *v.* STOELTZEN & TAPPER, INC., ROBERT MULREE, DAISY MAY MULREE, His Wife, ALBERT LINK and ANTHONY LINK, JR., Defendants.

Supreme Court, Monroe County, April 7, 1941.

*Harris, Beach, Folger, Bacon & Keating* [*Nicholas J. Brown* of counsel], for the plaintiff.

VAN VOORHIS, J.   Plaintiff sues for interest upon a bond secured by mortgage under the ruling in *Johnson* v. *Meyer* (268 N. Y. 701). The answer to which this motion is addressed contains five affirmative defenses.   Those numbered " second " to " fifth " inclusive are stricken out on authority of the decision of this court of even date (176 Misc. 140) disposing of similar defenses in the answer of the defendants Link.   The Mulrees' " first " defense is not pleaded by the Links and is that by reason of particular facts they did not under any circumstances assume payment of the obligation.

This defense concedes that the Mulrees accepted a deed of the premises from Conrad G. Thompson containing an assumption clause.   Defendants Mulree assert that under familiar law they are not liable upon their covenant of assumption unless their grantor was similarly obligated.   Thompson's source of title when the Mulrees contracted to purchase from him was a deed containing an assumption clause from Joseph H. Oberlies, who had purchased at the foreclosure sale of a second mortgage.   After the sale, and on June 20, 1922, Oberlies with others had given the bond in suit to the plaintiff for the payment of the indebtedness represented by the subsisting first bond and mortgage that had been given to plaintiff November 1, 1920, by Bertha and Adam Norwich.   These facts, by themselves, would establish personal liability on the part of defendants Mulree as a result of their assuming from Thompson this obligation which he assumed from Oberlies.   Further facts are alleged, however, which are claimed to alter the situation. Before defendants Mulree accepted a deed from Thompson, and after they had signed a contract of purchase, an examination of the title disclosed that notice of the foreclosure sale at which Oberlies bought had not been given in accordance with the requirements of statute.   The Mulrees rejected the conveyance tendered by Thompson upon that ground.   In order to remedy this defect and to induce the Mulrees to perform their contract for the purchase of the property, Thompson obtained a deed running to himself from the Norwiches on the theory that if the foreclosure sale was void, they, as the owners of the equity of redemption, were still the owners of the premises.   He also obtained releases from the second mortgage and all subsequent liens and incumbrances.   When the deal was closed with the Mulrees, Thompson had thus become grantee under two conveyances, one from the purchaser at the foreclosure sale, and the other from the owners of the equity of redemption.

The former deed stated that Thompson assumed and agreed to pay the mortgage indebtedness now in suit; the latter deed contained no such provision. It is contended that his title was acquired solely under the latter conveyance, and that the former, containing the assumption clause, was a nullity. Thompson was the immediate grantor of defendants Mulree, and, if he never assumed the mortgage debt, they could not assume it regardless of the language of their deed. (*Vrooman* v. *Turner*, 69 N. Y. 280; *Seaver* v. *Ransom*, 224 id. 233; *Union Trust Co. of Rochester* v. *Allen*, 239 App. Div. 661; *Genesee Valley Nat. Bank & Trust Co.* v. *Bolton*, 248 id. 530.)

Thompson's exemption from liability is based entirely upon the alleged invalidity of the sale to Oberlies in the action to foreclose the second mortgage. If this sale was void, Oberlies, under the pleadings, had nothing to transfer to Thompson, who did not become bound by a covenant of assumption in a deed for which the consideration wholly failed. (*Dunning* v. *Leavitt*, 85 N. Y. 30; *Crowe* v. *Lewin*, 95 id. 423, 427; *Loeb* v. *Willis*, 100 id. 231, 235; *Wager* v. *Link*, 134 id. 122, 125.) The foreclosure sale was void and of no effect if, as is alleged, the requirements of the Civil Practice Act (§§ 986, 712) determining the method of giving notice of sale were not complied with. (*Welhaven* v. *Kohn*, 257 App. Div. 744; affd., 282 N. Y. 705; *Olds* v. *City of Jamestown*, 280 id. 281; *Bamonte* v. *Ocean Beach-Fire Island Co.*, 222 App. Div. 676; affd., 248 N. Y. 642; *Eckman* v. *Meli*, 255 App. Div. 925; *City of Albany* v. *Goodman*, 203 id. 530.)

The court is aware of decisions in which foreclosure sales that have not been advertised according to statute have been referred to as voidable rather than void. (*Bechstein* v. *Schultz*, 120 N. Y. 168; *Pawlak* v. *Gruszecki*, 124 Misc. 447; *Hedley, Inc.*, v. *Loomis*, 116 id. 605.) Such statements must be regarded as having been overruled by the cases hereinbefore cited holding such sales to be void, notably *Olds* v. *City of Jamestown*. As is pointed out in *Lane* v. *Johnson* (283 N. Y. 244) in discussing the *Olds* case, the omission to advertise the sale according to law is a jurisdictional defect in that it cannot be corrected *nunc pro tunc*, either by order of the court, or by a curative act of the Legislature, without divesting retrospectively property rights of persons interested in the real estate; otherwise ratification, by converting an invalid sale into a binding one, would summarily foreclose the owners and junior lien holders of their rights and estates in the land. Vested rights cannot be impaired retroactively without denying due process of law. It is true that the right of due process is in such cases for the protection of property interests of parties affected, and, like most other constitutional rights, can be surrendered voluntarily. (*Musco*

v. *United Surety Co.*, 196 N. Y. 459.) That means more than that the sale is valid unless set aside, which is what is signified by voidable. It means that it is void *ab initio* and can become valid only by positive action of the parties in the nature of a grant. There must, at least, be a voluntary abandonment of the safeguards surrounding the sale that have been established by statute for their protection. Upon this motion there is no occasion to decide whether the parties are precluded from contesting the regularity of the sale as a result of its confirmation by the court (Cf. *Bechstein* v. *Schultz, supra*) or by reason of any other proceedings taken in the second mortgage foreclosure action, inasmuch as nothing of the sort is pleaded. On the basis of the Mulrees' answer, the title which was acquired by them from Thompson came to Thompson through the conveyance from the Norwiches, containing no assumption clause, and did not emanate from Oberlies whose grant was a nullity. The covenant of assumption in the deed from Oberlies failed for lack of consideration, and the defendants Mulree, irrespective of the form of their conveyance, could not assume an obligation for which their grantor was not liable.

It has been argued in behalf of plaintiff that a covenant of assumption of a mortgage will be upheld although contained in a deed which transfers no title unless the grantee (in this case, Thompson) has been evicted by title paramount or has attorned to the holder of the title paramount. (*Peabody* v. *Kent*, 213 N. Y. 154; *Curtiss* v. *Bush*, 39 Barb. 661.) These conditions have been fulfilled according to the allegations of the Mulrees' answer. It is alleged that they refused to accept a conveyance of the premises from Thompson unless Thompson's title were rectified by a conveyance from the owners of the equity of redemption and by releases from the liens of the second mortgage and other junior incumbrances. In other words, the Mulrees refused to complete their purchase of the property unless Thompson attorned to the holders of the title paramount, which he did. Although attornment has been largely superseded by statute (Real Prop. Law, §§ 248, 223), "there remains, however, a secondary sense in which the act of attornment is still significant today. * * * Attornment may also mean the acknowledgment by a tenant that he holds under a new lord who claims by title paramount, and not by grant of the reversion or as privy to the reversioner. In such a situation, ' the new tenancy thus constituted, though popularly spoken of as a continuing tenancy,' is ' in fact a new contract and a new demise ' (*Oakley* v. *Monck*, L. R. 1 Exch. 159, 164; Tiffany on Landlord and Tenant, pp. 179, 180, § 73, pp. 411, 413)." (*Matter of O'Donnell*, 240 N. Y. 99, 105.) Although the present situation

involves the relationship of vendor and purchaser instead of landlord and tenant, the language quoted is pertinent. It is true that the Norwiches were not attempting to evict Thompson when he attorned to them, but it is also true that Thompson could not otherwise dispose of his property on account of the well-founded objections raised by his vendees under contract of purchase. In order to sell the property and thus enjoy the fruits of ownership, he was compelled to attorn to the holders of the title paramount as effectively as though they had been asserting their title and demanding possession. In so far as appears from the pleadings, there was a complete surrender of claim on Thompson's part under the conveyance to him from Oberlies when he bought and paid for a deed from the Norwiches on the basis of which alone he was able to dispose of the property. Thereafter he no longer held possession under the deed from Oberlies, but by virtue of the real source of title.*

The argument that Oberlies became entitled to the rights of a mortgagee in possession under the second mortgage by purchasing at the foreclosure sale, and that this furnished some consideration for Thompson's covenant of assumption, is unfounded. One cannot acquire the status of a purchaser at a foreclosure sale if the sale is void. In that respect this case differs from *Moulton* v. *Cornish* (138 N. Y. 135). Unless publication of the notice of sale is conducted in the manner which the statute requires, it is equivalent to failure to publish at all. It is not alleged that Oberlies held possession under any mortgage of his own or by any other right than as purchaser at the said foreclosure sale. Under the Mulrees' pleading, he was a stranger to the title. The procedure to have cured the defect, except for the new deed and releases, would have been to readvertise the sale and not for Oberlies to take further proceedings in his own right. The portion of plaintiff's motion which relates to striking out this defense as insufficient in law is denied.

---

* Doubtless the release which is alleged to have been given by the second mortgagee after the void foreclosure sale is sufficient to remove questions concerning the right of the Norwiches to give a deed as owners of the equity of redemption after judgment of foreclosure had been entered against them. In any case, defendants in a foreclosure action do not become barred by the judgment until a valid sale and conveyance of the land by the referee. (Civ. Prac. Act, § 1085; *Nutt* v. *Cuming*, 155 N. Y. 309; *Title Guarantee & Tr. Co.* v. *457 Schenectady Ave., Inc.*, 235 App. Div. 509, 511; revd. on other grounds, 260 N. Y. 119.)