Joseph F. Gagliardi, J.
This is a motion to invalidate a notice of sale in a mortgage foreclosure. The facts are undisputed. The notice of sale was published twice each week in *842 three consecutive weeks. The property is located in the City of New Rochelle in Westchester County, New York. The advertising requirements are set forth in subdivision. 2 of section 231 of the Real Property Actions and Proceedings Law, which the court quotes as follows: “ 2. (a) Notice of such sale shall be given by the officer making it by publishing a notice of the time and place of the sale, containing a description of the property to be sold, once in each week for four successive weeks preceding the original date fixed for the sale in a newspaper published in the county in which the property is located, or, if there is none, in a newspaper published in an adjoining county, unless the property is situated wholly or partly in a city, or in an incorporated village of the first class in which a daily, semiweekly or tri-weekly newspaper is published, and, in that case, by publishing notice of the sale in such a daily, semi-weekly or tri-weekly paper, except that where such real property is located in a county within the city of New York, such publication shall be in a daily newspaper published within such county, at least twice in each week for three successive weeks, or in a weekly paper published in a city or in such incorporated village of the first class, once in each week for four successive weeks preceding the original date fixed for the sale. If the property be situated in a city, or a village of the first class, in which no newspaper is published daily, semi-weekly or tri-weekly, and there be an adjoining city or village of the first class, in the same or another county, in which a newspaper is published, daily, semiweekly or tri-weekly, such notice may be published either twice a week for three successive weeks preceding the original date fixed for the sale in such daily, semi-weekly or tri-weekly newspaper of the latter city or village of the first class or once a week for four successive weeks preceding the original date fixed for the sale in a weekly newspaper of such city. If the publication is for three weeks, such sale shall take place on any day on or after the twenty-first day and on or before the twenty-eighth day after the day of the first publication; and if the publication is for four weeks such sale shall take place on any day on or after the twenty-eighth day and on or before the thirty-fifth day after the day of the first publication. Any period of seven successive days shall constitute a week under this section. ”
Counsel for defendant Patricia Haltaufderhyde construes the above to mean that advertisement should take place once a week for four successive weeks rather than the twice a week for three weeks which has been done. The statute can be read either way, that is, if it conveys any meaning at all. Noncompliance with *843 advertising requirements has been a jurisdictional defect posing a threat to the title issued in a foreclosure sale (see, e.g., Rochester Sav. Bank v. Stoeltzen & Tapper, 176 Misc. 147). The very language of the statute casts general doubt on titles obtained through foreclosure sales. The court urges the Legislature to correct this anomaly.
The court arrives at the conclusion that plaintiff has properly advertised. It seems that the three weeks’ publication most likely was intended for cities with a daily newspaper, as in this case. Hence, the motion is denied and the sale shall take place on a new date to be provided in the order herein.