George Beisheim, Jr., J.
Plaintiff proceeds by order to show cause for an order affirming and ratifying the sale of mortgaged premises at a public auction held March 8, 1977, by the Referee or, in the alternative, for an order disaffirming and setting aside the sale and order a new sale of the said mortgaged premises. On January 14, 1977, a final judgment of mortgage foreclosure and sale was entered directing that the mortgaged premises be sold at public auction under the auspices of the appointed Referee. The foreclosure sale was scheduled for March 8, 1977, and was preceded by publication of notice of said sale on February 3, 10, 17 and 24, 1977, in the Middletown Times Herald Record. At the sale on March 8, 1977, the premises were bid in by John C. Schwartz and Zar Benedict for the sum of $21,675, a bid price which is not unconscionably far from the approximate market value of the premises. The purchasers’ title insurance company raised the objection to the effect that notice of sale should have been published twice a week for three consecutive weeks pursuant to section 231 (subd 2, par [a]) of the Real Property Actions and Proceedings Law, rather than once a week for four consecutive weeks, as was done in the present case. Plaintiff has brought on this present action for the court to determine whether the public notice as published herein once a week for four consecutive weeks was proper and in conformity with section 231 (subd 2, par [a]) of the Real Property Actions and Proceedings Law, and if so, to affirm the sale and order the Referee to deliver the deed to the purchasers, and if not, disaffirm the sale and order that the notice of sale be readvertised and that the premises be resold.
This court concludes that a fair interpretation of the aforesaid statute, as well as a fair interpretation of the facts in this case (where the mortgaged premises are physically located *20 within the geographical bounds of the City of Middletown and where the notice of foreclosure sale was published once a week for four consecutive weeks in a newspaper published within the bounds of the said city) leads to the conclusion that the publication of the notice of sale in this present matter did comply with section 231 (subd 2, par [a]) of the Real Property Actions and Proceedings Law.
This court is very mindful of the case of Gordon v Haltaufderhyde (54 Misc 2d 841), wherein a twice a week for three weeks publication of notice of foreclosure sale was attacked as not being in compliance with the publication requirements of section 231 of the Real Property Actions and Proceedings Law even though the subject premises in the Gordon case were physically located within the bounds of a city. While Mr. Justice Joseph F. Gagliardi, Supreme Court, Westchester County, upheld the publication of notice of sale in the Gordon case, he also made note that with reference to foreclosed real property physically located within the bounds of a city wherein there is a daily published newspaper, that the statute in question can also be read as directing publication once a week for four consecutive weeks. The court therein noticed the ambiguity involved in section 231 and urged the Legislature to clarify the working of the statute. By amendment to this section, effective September 1, 1973, the Legislature has succeeded in sustaining a massed mess of perplexity, turmoil and bewilderment on the point. Despite the amendment, a quote from the Gordon case (supra, p 842) seems as appropriate now as it did 10 years ago, to wit, "The statute can be read either way, that is, if it conveys any meaning at all”.
The court notes from documents submitted in connection with this motion and after hearing attorneys for and some of the parties to this action on the return date calendar call of this motion, that: (1) no question is raised as to compliance or lack of compliance with any other aspect of law other than the instant question concerning publication of notice; (2) the successful bid at the foreclosure sale is not inordinately disproportionate to the approximate market value of the premises foreclosed; (3) it is problematical if a second sale would bring a bid equal to or greater than the bid now received; (4) affidavit submitted in opposition to affirmance of the existing sale contains no meaningful factual substance; (5) purchasers at said sale, relying upon the court-directed sale, have ex *21 pended notable sums of money in furtherance of their good faith bid.
Therefore, this court does hereby affirm and ratify the sale of the mortgaged premises at public auction held March 8, 1977, by Referee Eugene Grillo and this court declines to set aside said sale or order a new sale of said mortgaged premises.