THE EMERSON NATIONAL BANK OF WARRENSBURGH, N. Y., Plaintiff, *v.* GERTRUDE L. SCOTT and Others, Defendants.

Supreme Court, Warren County, October 17, 1928.

*John H. Barker,* for the defendant Gertrude L. Scott, for the motion.

*Harry A. Reoux,* for the plaintiff The Emerson National Bank of Warrensburgh, N. Y., opposed.

*Williams, Imbrie & Boyce* [*Henry W. Williams* of counsel], for the defendant The First National Bank of Glens Falls, N. Y., opposed.

*C. E. Fitzgerald,* for the defendant The National Bank of Glens Falls, N. Y., opposed.

*James McPhillips,* for the defendant The First National Bank of Lake George, N. Y., opposed.

HEFFERNAN, J. This is a motion by the defendant mortgagor, Gertrude L. Scott, to vacate a judicial sale of the mortgaged premises in an action of foreclosure. The regularity of the proceedings is not challenged except as to the method of giving notice of sale. The defendant Scott questions the validity of the sale on the sole ground that the notices thereof were not posted and published in accordance with the provisions of section 712 of the Civil Practice Act.

The premises affected consist of five distinct, separate and noncontiguous parcels of land, all situate in the county of Warren, three of which are located wholly within the city of Glens Falls, and the remaining two wholly within the town of Caldwell. The judgment directed that the land located in the town of Caldwell should be offered first, that the premises should be offered in separate parcels and then offered as a whole and struck off to the highest bidder.

The proof discloses that there is a daily, but no weekly, newspaper published in the city of Glens Falls, and that the referee caused notice of the time and place of the sale to be published in the daily paper twice in each week for three successive weeks immediately preceding such sale, and that he also caused printed notices thereof to be conspicuously fastened up at least twenty-one days before such sale in three public places in the city of Glens Falls and in a like number of places in the town of Caldwell.

The requirements for the notice of sale in foreclosure are contained in section 986 of the Civil Practice Act which, so far as material here, provides: " Notice of such sale must be given by the officer making it, as prescribed for the sale by a sheriff of real property by virtue of an execution, unless the property is situated

wholly or partly in a city, or in an incorporated village of the first class in which a daily, semi-weekly or tri-weekly newspaper is published, and, in that case, by publishing notice of the sale in such a daily, semi-weekly or tri-weekly paper, at least twice in each week for three successive weeks, or in a weekly paper published in a city or in such incorporated village of the first class, once in each of the six weeks immediately preceding the sale, or in the counties of New York and Kings in two such daily papers."

The proceedings for the sale of real property on execution, incorporated by reference in this section, are found in section 712 of the Civil Practice Act. That section provides in substance that a written or printed notice of sale must be conspicuously fastened up at least forty-two days before the occurrence thereof in three public places in the town or city where the sale is to take place, and also in three public places in the town or city where the property is situated, if the sale is to take place in another town or city, and that a copy of the notice must be published at least once in each of the six weeks immediately preceding the sale, in a newspaper published in the county, or published in an incorporated village, a part of which is within the county, if there is a newspaper published in the county or village, and if there is none, in a newspaper published in an adjoining county.

The defendant mortgagor contends that her property, located within the borders of the town of Caldwell, which is situated neither wholly nor partly in a city nor in an incorporated village of the first class, could be legally sold only by giving the notice prescribed by section 712 for the sale by a sheriff of real property by virtue of an execution. Counsel opposing the motion assert that the words of the statute " unless the property is situated wholly or partly in a city " do not refer to separate parcels but to the property as a whole, whether in one piece or in numerous tracts.

The question involved here is one of novel impression as to the manner of giving notice of sale of mortgaged premises in an action of foreclosure where a portion of the mortgaged property is situated within a city in which a daily, semi-weekly or tri-weekly newspaper is published, and a portion thereof is situated outside of the city but in the same county. Under section 986 four possible contingencies may arise, namely: (a) A sale of land wholly in a city or in an incorporated village; (b) a sale of land wholly in a town; (c) a sale of a single parcel partly within and partly without a city or incorporated village; (d) a sale of two or more parcels, one of which is wholly within a city and another wholly without a city. The latter is the instant case. The section is far from being a model so far as scientific arrangement and rhetorical con-

struction are concerned. It was evidently drafted on the assumption that cities and first-class villages are the only places ordinarily having daily semi-weekly or tri-weekly newspapers and that consequently in such localities the period of publication might be shortened. In communities within that category it may be conceded that the semi-weekly publication would answer the requirements and give the same notice which would be had from a less frequent publication covering a longer period of time where the property is situated in a rural section where no such paper is published.

It is essential to the validity of a foreclosure sale that the notice thereof should conform to the statutory requirements. In respect to the number of times the notice must be published, the continuity of publication and the number of days or weeks between the first publication and the sale, the provisions of the statute are mandatory. The object of the notice is to describe the property with substantial accuracy and in such a manner as to identify it clearly so as to attract the attention of bidders in order that they may have all necessary information concerning the property which they are invited to purchase. A party to a foreclosure action, who is about to be deprived of his property through a judicial sale, is entitled to all the publicity which the law prescribes relative to the form of publication and posting of notices. It is obvious that a sale cannot be had at one time for one part of the property and at another time for the balance. The property must all be sold at the same time and place. The property of the defendant situate in the town of Caldwell could be legally sold only after posting notice of sale for forty-two days and publication of the notice at least once in each of the six weeks immediately preceding the sale. Unquestionably, this would be necessary if no other property were covered by the mortgage. It seems to me that the mere fact that the mortgage also included property in the city of Glens Falls should not alter the situation. I am convinced that the language of the statute " unless the property is situated wholly or partly in a city " refers solely to land which is either situated wholly within the corporate limits or upon the border so that it is intersected by the municipal line. Plaintiff, and those associated with it, assert that if this construction of the statute is adopted there must then be a total of nine publications in the case at bar, when from time immemorial only six have been necessary under any circumstances to sell real property. It is true that such is the result. For the sale of the town property, there must be a publication once a week for six weeks; for the city property, there being no weekly paper published in Glens

Falls, the publication must be twice a week for three weeks. In other words, for the first three weeks, publication must be once a week and for the last three weeks, the publication must be twice a week — the publication for the first three weeks and one of the publications for the last three weeks being to comply with the town requirement, and the other publication in the last three weeks to comply with the city requirement. The situation here, however, is somewhat unusual. This is a factor which the mortgagee should have taken into consideration in making this loan. Publication for three additional times is no great hardship. In any event, the language of this section should not be extended by judicial decision.

It is discretionary with the court whether a sale of mortgaged premises under a decree of foreclosure shall be set aside or confirmed, and this power will be exercised as the circumstances of the case and the interests of the parties may demand. Where an application is made for the confirmation of a sale, it must appear to the satisfaction of the court that the sale was conducted in accordance with the requirements of the decree and that due notice of the sale was given. It is, of course, true that mere irregularities which are not prejudicial to the interests of the parties, or clerical errors where the sale is otherwise in conformity with the judgment, will not be available as objections to the confirmation thereof. Confirmation will be refused where it appears that notice of the time and place of the sale as required by statute was not given.

It is urged that the defendant has estopped herself by her conduct from raising objections to this sale because of her failure to protest at the time. Every person whose rights are injuriously affected by a judgment of foreclosure, or by any proceeding thereunder, has a right to apply to have it set aside. The right of the mortgagor to all the time given by statute in which to pay the purchase price cannot be deemed to be waived in order to sustain a premature sale. Here, the defendant was under no obligation to present her objections to the referee at the time the sale was made, and by failing to do so, she did not waive her right to urge them on this motion.

For these reasons the motion is granted, the sale is vacated and the referee is directed to resell after giving notice in accordance with these views.