EMERSON NATIONAL BANK OF WARRENSBURGH, N. Y., Appellant, *v.* GERTRUDE L. SCOTT, Respondent, Impleaded with THE FIRST NATIONAL BANK OF GLENS FALLS, N. Y., and Others, Appellants, and CUTLER J. DeLONG, Defendant.*

Third Department, November 21, 1928.

*Henry W. Williams*, for the appellants.

*John H. Barker*, for the respondent.

PER CURIAM. The property sold on foreclosure consisted of five separate parcels of land in Warren county, of which three were within the city of Glens Falls and the remaining two were within the town of Caldwell. The latter two parcels were not contiguous to those in the city but all were included in the one mortgage.

Publication of the notice of sale was made twice a week for three successive weeks in a daily paper published in the city of Glens Falls, as provided in section 986 of the Civil Practice Act. (See,

* Revg. 133 Misc. 1.

also, Civ. Prac. Act, § 712.) The respondent moved to vacate and set aside the sale on the ground that the publication did not comply with the statute, for the reason that there should have been publication once a week for six weeks of the sale of the parcels in the town of Caldwell.

Section 986 provides: "Notice of such sale must be given by the officer making it, as prescribed for the sale by a sheriff of real property by virtue of an execution, unless the property is situated wholly or partly in a city, or in an incorporated village of the first class in which a daily, semi-weekly or tri-weekly newspaper is published, and, in that case, by publishing notice of the sale in such a daily, semi-weekly or tri-weekly paper at least twice in each week for three successive weeks, * * *."

It will be observed that the statute does not state that the property situated wholly or partly in a city must be contiguous in order that the shorter period of publication may be operative. Quite obviously, we think, the property referred to in the statute means the property subject to the mortgage. Section 1082 of the Civil Practice Act provides: "In an action to foreclose a mortgage upon real property, if the plaintiff becomes entitled to final judgment, it must direct the sale of the property mortgaged * * *." And again in section 986 it is said: "If the property consists of two or more * * * lots, they shall be sold separately." These references are, as we have said, to the property covered by the mortgage or otherwise subject to sale.

Formerly the provisions relative to the sale of real property provided only for publication once a week for six successive weeks. (See R. S. pt. 3, chap. 6, tit. 5 [2 R. S. 368], § 34; R. S. pt. 3, chap. 5, tit. 3 [2 R. S. 326], §§ 56, 57.) When daily papers became common throughout the State, the procedure was amended by chapter 682 of the Laws of 1881 (amdg. Code Civ. Proc. [Laws of 1880, chap. 178], § 1678), providing for a shorter period of publication in substantially the form that now exists.

We think the intent of the Legislature is reasonably clear. It was recognized that notice could be given by publication twice a week for three successive weeks in a daily paper which would be equivalent to the publication once a week for six weeks in either a daily or weekly paper — or at least that such notice would be sufficient for the parties and to probable purchasers; and that unnecessary delay would be obviated.

The theory of procedure devised in the court below of publication once a week for three weeks as to the parcels in the town, and then twice a week for three weeks, including both the city and town property, seems to us unnecessarily cumbersome and likely to result

in confusion and error. The purpose of the Legislature, as we view it, was to make the procedure more simple and speedy. The statute should not be given " an unnatural or doubtful construction * * * when a clear, safe construction is manifest." (*City of Albany* v. *Goodman*, 203 App. Div. 530, 533.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.