Gordon M. Lipetz, J.
In this partition action defendants Madeleine White and Andrew A. De Weil move for an interlocutory judgment confirming the Referee’s report and directing the sale of the real property involved.
The Referee reported his findings and conclusions with respect to the rights and interests of the respective parties in each of the four separate parcels described in the pleadings, the judgment lien of United 'States of America upon the interest of plaintiff Frederick T. McGovern therein, and the right of defendant Lillian Russell to reimbursement from the respective interests of the other co-owners for taxes advanced by her for the premises during the years 1957 through 1970.
All four parcels are situated in Snffolk County, two of them being in the Town of Southampton and the other two in the Town of Babylon. The parcels in the Town of Southampton are an 18.56-acre tract of vacant land having a frontage of 180 feet on the southerly side of Noyac Road with a depth of about 2,500 feet, and a 5%-acre triangular shaped woodland tract on the *855 easterly side of Sag Harbor Turnpike. The parcels in the Town of Babylon consist of two separate building lots, 65 by 125 feet and 104 by 212 feet respectively, both shown on Deer Park Tax Map.
In his report, the Referee found and concluded that each of said parcels is so circumstanced, by reason of odd irregular shape and zoning restrictions, that actual partition thereof cannot be made without great prejudice to the owners, and should be sold. He recommended that, in order to attract more bidders and obtain the most favorable prices, the Southampton parcels be sold in a separately advertised sale in the Town of Southampton and the Babylon parcels be sold in a separately advertised sale in the Town of Babylon. The moving parties request that the interlocutory decree direct such separate sales, separately advertised, in accordance with the recommendation of the Referee. No other party to the action has opposed such recommendation and request.
The only question presented is whether such separate sales, separately advertised and separately conducted in the respective towns in which the parcels are situated, may be had under the applicable statute. The question is apparently one of novel impression.
Subdivision 1 of section 231 of the Real Property Actions and Proceedings Law provides: “A sale of real property made in pursuance of a judgment affecting title to * * * real property, shall be at public auction to the highest bidder ”. Prior to the amendment of section 231 in 1964, subdivision 2 thereof provided: “ Notice of such sale shall be given by the officer making it, as prescribed for the sale by a sheriff of real property by virtue of an execution” (governed by CPLR 5236). The 1964 amendment of subdivision 2 deleted all reference to execution sales under the CPLR and specified the notice requirements, depending upon the location of the property. Section 231 is therefore now the sole statute applicable to notice and conduct of judicial sales in real property actions. (See Supplementary Practice Commentary under CPLR 5236, McKinney’s Supplement 1969-1970, p. 150; 13 Carmody-Wait 2d, New York Practice, p. 553.)
The place and manner of conducting partition sales, however, is not clearly spelled out in section 231 to cover all situations. That section refers throughout to a “ sale ”, in the singular. Subdivision 5 thereof provides: “ If the property consists of two or more distinct buildings, farms or lots, they shall be sold separately, unless otherwise ordered by the court ”. I deem the words “ farms or lots ” to mean “ parcels ”, and that the Legis *856 lature intended that separate noncontiguous parcels be sold separately. However, section 231 does not specify whether the separate parcels must be sold separately in a single sale, or in separate sales, nor the place where the sale or sales shall be conducted.
CPLR 5103 (subd. [b]) provides that real property “ shall be sold in such manner as the judgment or order may direct in the county where it is situated ’ ’, and if it is situated in more than one county, “in a county in which any part is situated unless the judgment or order directs otherwise”. This has been interpreted to require the sale to be made in the county where the property is located, and if separate parcels are located in two counties, then the court may direct that each parcel be sold in the county of its location. (See Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 5103, p. 7.)
The question remains, however, whether separate sales, separately advertised, may be made of separate noncontiguous parcels situated in the same county but in different towns, where the parcels in one town are located more than 70 miles from the parcels in the other town.
Carmody-Wait 2d (vol. 13, Judicial Sales, p. 569) states: “ The sale, however, must be conducted at the particular place designated in the notice of sale, and all of the property must be sold at the same place”. Cited as authority is Emerson Nat. Bank v. Scott (133 Misc. 1, revd. on other grounds 224 App. Div. 597). No other authority has been found requiring a sale of all the property at the same place.
Emerson Nat. Bank v. Scott (supra) involved a foreclosure action covering five separate parcels in Warren County, three of which were situated in the City of Grlens Falls and the remaining two in the Town of Caldwell. The notice of sale was published twice each week for three successive weeks in a daily newspaper published in the City of dens Falls and posted for three weeks in the City of dens Falls and in the Town of Caldwell. Special Term vacated the sale, holding that publication of the notice of sale was required twice each week for three successive weeks in the City of dens Falls and also once each week for six successive weeks in the Town of Caldwell. As pure dictum, without citing any authority or setting forth any reason, Judge Heeeernan said (p. 4): “It is obvious that a sale cannot be had at one time for one part of the property and at another time for the balance. The property must all be sold at the same time and place ”.
The fact that the Appellate Division, Third Department, reversed the decision, holding that publication for three weeks *857 in the City of Glens Falls was sufficient, but not mentioning the above quoted dictum, diminishes the persuasive force thereof. It is reasonable to assume that Judge Hefferhah stated in Emerson Nat. Bank v. Scott (supra) that all five parcels had to be sold at one time and place because all of them were encumbered by the mortgage and the mortgagor had a right to pay the mortgage at any time prior to the sale, which right would be adversely affected if the Glens Falls parcels were sold after three weeks of publication but the parcels in the Town of Caldwell could not be sold until six weeks of publication had been completed. No such considerations appear in this partition action.
In view of the foregoing, I conclude that while the objective of the Referee and the moving parties — to attract more bidders and obtain the most favorable prices for the respective parcels — is commendable and proper, their proposed means of accomplishing same should be modified. Reading CPLR 5103 (subd. [b]) and section 231 of the Real Property Actions and Proceedings Law together, I am of the opinion that all of the four separate and noncontiguous parcels involved here must be sold in a single sale. However, since there is no statutory requirement that the sale must be had in one place, I direct that the sale be conducted in two distinct parts. The two separate parcels located in the Town of Southampton shall be sold separately in that town; thereupon, the sale shall be adjourned and removed to the Town of Babylon, where the two separate parcels located therein shall be separately sold, on the same day. One comprehensive notice of sale setting forth the time and place of sale of each of the four parcels shall be published and posted both in the Town of Southampton and in the Town of Babylon, pursuant to the requirements of section 231 of the Real Property Actions and Proceedings Law.
The motion to confirm the Referee’s report and directing the sale of the premises is granted, as modified herein.